UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81256

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

WC REALTY GROUP, INC. DBA
CENTURY 21 WC REALTY AND JORIS C.
REYES,

      Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendants WC REALTY GROUP, INC. DBA CENTURY 21 WC REALTY AND JORIS C. REYES for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP original copyrighted Work of authorship.  AAP licenses its copyrighted Works, such as the one in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate

agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who charge thousands more.  AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3. Defendant WC REALTY GROUP, INC. DBA CENTURY 21 WC REALTY ("WC Realty") is a licensed real estate corporation and broker.

4. Defendant JORIS C. REYES ("Reyes") is a real estate associate licensed in the state of Florida, who is an employee under the brokerage of WC Realty.

5. WC Realty and Reyes are collectively referred to herein as "Defendants."

6. AAP alleges that Defendants obtained AAP's copyrighted Work from the internet or prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as a professional real estate agent and broker. Defendants copied AAP's copyrighted Work from the internet or prior real estate listings without AAP's permission.  The prior real estate listings that Defendants may have used to copy AAP's copyrighted Work are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

7. Defendants distributed AAP's copyrighted Work also without AAP's permission, such as through real estate listings on multiple listing services. Defendants  committed the violations alleged by copying and distributing AAP's copyrighted Work in connection with Defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses.

8. Defendant WC Realty, the broker for Reyes, appears as listing broker on the real estate listing where Reyes committed the violations of AAP's exclusive rights under the copyright act.

9. Defendant WC Realty is liable for the infringement by Reyes because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

10. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like WC Realty and Reyes include an independent contractor relationship when such relationship is intended by and established between a broker (WC Realty) and a sales associate (Reyes). Furthermore the existence of an independent contractor relationship shall not relieve the broker (WC Realty) of its duties, obligations, or responsibilities, which include being responsible for the offences of Reyes. Fla. Stat. § 475.01(2).

11. As a result, even if WC Realty designates its agents as "independent contractors," Reyes is an "employee" under the Florida Real Estate Code and the common law of principal/agent in Florida. WC Realty is vicariously liable for its agents' acts committed in connection with and in furtherance of WC Realty's real estate brokerage business.

12. AAP's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

13. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants are subject to personal jurisdiction in Florida.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

17. WC Realty Group, Inc. dba Century 21 WC Realty is a Florida Corporation with its principal place of business at 12794 Forest Hill Blvd, Ste. 29, Wellington, FL 33414, and can be served by serving its Registered Agent, Sandra P. Watts, 17949 30th Ln N, Loxahatchee, FL 33470.

18. Joris C. Reyes is a Florida licensed real estate sales associate, License Number SL3160340, who resides in Palm Beach County, Florida, and can be served at 7399 Le Chalet Blvd, Boynton Beach, FL 33472.

## THE COPYRIGHTED WORK AT ISSUE

20. In 2014, AAP created the photograph entitled Wellington Sign AAP 2014, which is shown below and referred to herein as the "Work".



21.     AAP registered the Work with the Register of Copyrights on November 16, 2017 and was assigned the registration number VA 2-081-917.  The Certificate of Registration is attached hereto as Exhibit 1.

22.     At all relevant times AAP was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

23.     The Defendants have never been licensed to use the Work at issue in this action for any purpose.

24.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Work or made derivative works from the Work.

25.     Defendants copied AAP's copyrighted Work from prior listings for other properties on multiple listing services of which Defendants are members, obtained the Work from the internet, or from other real estate associates.

26.     After Defendants copied the Work, they made further copies and distributed the Work on, inter alia, one or more multiple listing services or the internet to promote the sale of the

property depicted in the Work or similar properties as part of their professional real estate businesses.

27. Defendants copied and distributed AAP's copyrighted Work in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

28. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

29. AAP never gave the Defendants permission or authority to copy, distribute or display the Work at issue in this case, or create derivative works or the Work.

30. AAP notified the Defendants of the allegations set forth herein on May 24, 2021 and on June 14, 2021. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT BY REYES

31. Plaintiff incorporates the allegations of paragraphs 1 through 30 of this Complaint as if more fully set forth herein.

32. AAP owns a valid copyright in the Work at issue in this case.

33. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34. Reyes copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501.

35. Reyes performed the acts alleged in the course and scope of her business activities.

36. Reyes' acts were willful.

37. AAP has been damaged.

38. The harm caused to AAP has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY WC REALTY

39. Plaintiff incorporates the allegations of paragraphs 1 through 30 of this Complaint as if more fully set forth herein.

40. AAP owns a valid copyright in the Work at issue in this case.

41. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Reyes copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501.

43. WC Realty had the right and ability to supervise the infringing activities of Reyes alleged herein.

44. WC Realty had a direct financial interest in the infringing activities alleged herein.

45. As a result of WC Realty's vicarious infringement as alleged above, WC Realty obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work.

46. WC Realty has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate AAP's intellectual property rights.

WHEREFORE, the Plaintiff prays or judgment against the Defendants WC Realty Group, Inc. dba Century 21 WC Realty and Joris C. Reyes that:

      a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

      b.      Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

      c.      Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

      d.      Plaintiff be awarded pre- and post-judgment interest; and

      e.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 11, 2022                Respectfully submitted,

/s/ Angela M. Nieves
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322
craig.wirth@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number: 1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100

Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Affordable Aerial Photography, Inc.*