IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRCIT OF FLORIDA

Case No.: 9:22-cv-81256-DMM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

                              Plaintiff,

v.

WC REALTY GROUP, INC. DBA CENTURY 21
WC REALTY AND JORIS C. REYES

                              Defendants.

_____/

**DEFENDANT WC REALTY GROUP, INC. D/B/A CENTURY 21 WC REALTY'S MOTION TO DISMISS, WITH INCORPORATED MEMORANDUM OF LAW**

      Defendant WC Realty Group, Inc. d/b/a Century 21 WC Realty ("WC Realty") respectfully moves to dismiss Count II of Plaintiff Affordable Aerial Photography, Inc.'s ("AAP") Complaint—the only count directed to WC Realty—pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failing to set forth factual allegations sufficient to state a claim for relief, as set forth in greater detail in the incorporated memorandum of law.

                                              Respectfully submitted,

                                              McHALE & SLAVIN, P.A.

                                              **Andrew D. Lockton**
                                              Andrew D. Lockton (Florida Bar No. 115519)
                                              Edward F. McHale (Florida Bar No. 190300)
                                              2855 PGA Boulevard
                                              Palm Beach Gardens, Florida 33410
                                              Telephone:   (561) 625-6575
                                              Facsimile:    (561) 625-6572
                                              E-mail:       litigation@mchaleslavin.com

                                              *Attorneys for Defendant WC Realty Group, Inc.*
                                              *d/b/a Century 21 WC Realty*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT OF ALLEGED FACTS ................................................................................... 2

ARGUMENT ............................................................................................................................ 5

I.   THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT WC REALTY FOR WHICH RELIEF CAN BE GRANTED ................................................................................................. 5

   A.   AAP Has No Presented Any of the Necessary *Factual* Allegations Required to State a Claim for Vicarious Liability for Copyright Infringement .................. 6

      1.   AAP has not sufficiently alleged WC Realty had the right and ability to supervise the alleged infringement by Reyes ....................................... 6

      2.   AAP has not sufficiently alleged that WC Realty obtained a direct financial benefit from the alleged infringement by Reyes .................... 8

   B.   AAP Has Not Adequately Alleged That WC Realty is Vicariously Liable for Reyes's Alleged Infringement Because It Has Not Sufficiently Alleged Direct Infringement by Reyes ................................................................................... 9

II.  TO THE EXTENT THAT THE COMPLAINT SEEKS TO INCLUDE A CLAIM FOR DIRECT INFRINGEMENT AGAINST DEFENDANT WC REALTY, THE COMPLAINT VIOLATES RULES 8(a) AND 10(b) AS A "SHOTGUN" PLEADING AND SHOULD THEREFORE BE DISMISSED ........................................................................................................12

CONCLUSION ........................................................................................................................16

# **TABLE OF AUTHORITIES**

**CASES**

*A&M Records v. Napster, Inc.*
  239 F.3d 1004 (9th Cir. 2001).................................................................................. 10, 12

*Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*
  No. 19-cv-80488, 2019 U.S. Dist. LEXIS 132023 (S.D. Fla. Aug. 7, 2019) ...............*passim*

*Am. Dental Ass'n v. Cigna Corp.*
  605 F.3d 1283 (11th Cir. 2010).......................................................................................5, 9

*Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmt. Coll.*
  77 F.3d 364 (11th Cir. 1996).............................................................................................14

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .................................................................................... 2, 5, 6, 8, 9

*Bell Atl. Corp. v. Twombly*
  550 U.S. 555 (2007) .............................................................................................. 2, 5, 8, 9

*Boca Raton Reg'l Hosp., Inc. v. Celtic Ins. Co.*
  No. 19-80650, 2020 U.S. Dist. LEXIS 21612 (S.D. Fla. Feb. 6, 2020) ...........................14

*Bridge v. Phoenix Bond & Indem. Co.*
  553 U.S. 639 (2008) .........................................................................................................14

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*
  489 F.3d 1129 (11th Cir. 2007)......................................................................................... 6

*Byrne v. Nezhat*
  261 F.3d 1075 (11th Cir. 2001).........................................................................................14

*Cramer v. Florida*
  117 F.3d 1258 (11th Cir. 1997).........................................................................................14

*Disney Enters., Inc. v. Hotfile Corp.*
  No. 11-20427, 2013 U.S. Dist. LEXIS 172339 (S.D. Fla. Sept. 20, 2013).................. 10, 12

*Ellison v. Robertson*
  357 F.3d 1072 (9th Cir. 2004)........................................................................................... 8

*Horsley v. Feldt*
  304 F.3d 1125 (11th Cir. 2002).........................................................................................12

CASES (CONT.)

*Isaias v. Martin County*,
   No. 2:18-cv-14171, 2018 U.S. Dist. LEXIS 120000 (S.D. Fla. July 17, 2018) ............ 13, 15

*Jackson v. Bank of America*
   898 F.3d 1348 (11th Cir. 2018) ................................................................................. 14

*Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*
   707 F. Supp. 2d 1287 (M.D. Fla. 2010) ........................................................... 6, 7, 8, 9

*L.S. v. Peterson*
   No. 18-cv-61577, 2018 U.S. Dist. LEXIS 210273 (S.D. Fla. Dec. 13, 2018) ............. 15

*MGM Studios, Inc. v. Grokster, Ltd.*
   545 U.S. 913 (2005) ..................................................................................................... 6

*Muhammad v. Muhammad*
   654 Fed. Appx. 455 (11th Cir. 2016) .................................................................... 13, 14

*Thaeter v. Palm Beach Cty. Sheriff's Office*
   449 F.3d 1342 (11th Cir. 2006) .................................................................................... 5

*Vibe Micro, Inc. v. Shabanets*
   878 F.3d 1291 (11th Cir. 2018) .................................................................................. 14

*Wagner v. First Horizon Pharm. Corp.*
   464 F.3d 1273 (11th Cir. 2006) .................................................................................. 14

*Wausau Underwriters Ins. Co. v. Danfoss, LLC*
   No. 2:14-CV-14420, 2015 U.S. Dist. LEXIS 168069 (S.D. Fla. Dec. 16, 2015) ........ 15

*Weiland v. Palm Beach Cty. Sheriff's Office*
   792 F.3d 1313 (11th Cir. 2015) ...................................................................... 13, 15, 16

*Wilchombe v. TeeVee Toons, Inc.*
   555 F.3d 949 (11th Cir. 2009) .................................................................................... 11

RULES

Fed. R. Civ. P.
   8(a) ...................................................................................................................... 12, 13
   10(b) .................................................................................................................... 12, 13
   12(b)(6) ....................................................................................................................... 11

**MEMORANDUM OF LAW**

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff" or "AAP") brought this action ostensibly alleging direct copyright infringement by Defendant Joris C. Reyes ("Reyes") and vicarious liability for copyright infringement against Defendant WC Realty Group, Inc. d/b/a Century 21 WC Realty ("WC Realty").[1]  Problematically, however, AAP's Complaint (Doc. 1) fails to set forth any factual basis for its allegations that Reyes is liable for direct infringement or that WC Realty is vicariously liable for copyright infringement.  Instead, AAP relies on a formulaic recitation of the elements for its causes of action supported only by an exhibit showing the presence of the accused image on the website of an independent third-party (Realtor.com), without providing any connection to either of the Defendants.[2]

AAP is no stranger to the pleading standards required to plead a claim for direct copyright infringement or for a claim of vicarious liability for copyright infringement.  In August of 2019, Judge Bloom of this District articulated those requirements to AAP in *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, No. 19-cv-80488-Bloom/Reinhart, 2019 U.S. Dist. LEXIS 132023 (S.D. Fla. Aug. 7, 2019) (Bloom, J.) ("*Modern Living*"), when the court granted a motion to dismiss AAP's deficient claims for

---

[1] Though the Complaint seems limited to these two causes of action, there are some allegations seeming to suggest an additional claim for relief against Defendant WC Realty for direct copyright infringement within Count II.  To the extent that Count II is understood to include these two distinct claims, it should be dismissed as an improper "shotgun" pleading. *Infra*, Section II.

[2] While Defendant Reyes has already filed an Answer and Affirmative Defenses (Doc. 10) seeming to acknowledge her "use" of a "subject photo", it is not clear from her response what is being acknowledged.  *See* Doc. 10, at ¶¶ 24-25, 27.  Further, she has expressly denied AAP's allegation that Exhibit 2 to the Complaint evidences any copyright infringement.  *See id.*, ¶ 28.

direct copyright infringement and for vicarious liability.

Despite knowing the necessary pleading requirements, AAP's Complaint seems to actively *avoid* pleading the *facts* necessary to support any element of its causes of action. Instead, the Complaint provides only generalized and conclusory allegations, improperly alleges acts by "Defendants," plural, conflating the two distinct Defendants in this action and does no more than provide the types of labels and conclusions the Court found deficient in *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Complaints only *factual* basis for any of its claims is found in the attached exhibits. But instead of providing evidence that either *Defendant* committed an act of infringment, AAP's lone "evidence" is that an allegedly infringing image was found on the website of an independent third party, Reator.com. *See* Compl., ¶ 28; *see also* Doc. 1-2. That evidence is insufficient for AAP to bring a claim against Defendant WC Realty, including because it fails to plausibly allege that co-Defendant Reyes committed any act of direct copyright infringment. *Infra*, Section I.B. Because AAP's Complaint fails to allege underlying facts which would lead to an inference that its conclusory allegations are plausible, the Complaint is due to be dismissed. *See Modern Living*, 2019 U.S. Dist. 132023, at *5-8.

## STATEMENT OF ALLEGED FACTS

AAP's Complaint alleges that in 2014, it created "the photograph entitled Wellington Sign AAP 2014," (the "Work"). Compl., ¶ 20. AAP alleges the Work was registered with the Register of Copyrights on November 16, 2017, and that it was assigned registration number VA 2-081-917. Compl., ¶ 21. The registration certificate number VA 2-081-917 is for a group registration of selected 2014 photographs; one of the photograph titles listed "Wellington Sign AAP 204, Mar. 3, 2014." Doc. 1-1, at 2. AAP alleges that "[a]t all relevant

times AAP was the owner of the copyrighted Work at issue in this case." Compl., ¶ 22.

AAP alleges "Defendants copied, displayed or distributed the Work or made derivatives works from the Work," Compl., ¶ 24, after having copied the Work from either (1) prior listings on the multiple listing services, (2) obtained the Work from the internet, or (3) from other real estate associates, *id.*, ¶ 25. AAP further alleges that "Defendants" made further copies and distributed the Work on "one or more" multiple listing services or the internet "to promote the sale of the property depicted in the Work or similar properties as part of their professional real estate businesses." Compl., ¶ 26. The Work, however, does not depict a real estate property which can be sold. Compl., ¶ 20.

AAP alleges "Defendants copied and distributed AAP's copyrighted Work in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers." Compl., ¶ 27. AAP's evidence of the alleged copyright infringement is shown in Exhibit 2 to the Complaint. Compl., ¶ 28. AAP's evidence is a screenshot from a third-party website, realtor.com, allegedly showing a reproduction of the Work. Doc. 1-2. The screenshot appears to show a listing for a property located at 15500 46th Ln S, Wellington, Florida 33414. Doc. 1-2. That property is shown as "listed" on September 28, 2019, "presented by Home Run Real Estate, Inc. with Century 21 Wc Realty." Doc. 1-2, at 7-8. The images associated with the September 28, 2019 listing are not shown in that exhibit. Doc. 1-2, at 8. The exhibit shows that the last sale of that property occurred on September 23, 2013. Doc. 1-2, at 8. The exhibit also shows another listing, prior to the September 28, 2019 listing, "presented by Ryan Beckett with

3

Bitrealty"; the exact date of that listing and the images used in connection with that second listing are not shown. Doc. 1-2, at 8.

A true and correct printout from the multiple listing service ("MLS") for the property located at 15500 46th Ln S, Wellington, Florida 33414 is attached hereto as Exhibit "A" (the "MLS printout"). As shown in the MLS printout, co-Defendant Reyes uploaded several photographs to the MLS in connection with the 15500 property on September 28, 2019; none of those images show an associated title including "Wellington Sign." Ex. A, at 2-3. The MLS printout also shows that Ryan Beckett listed the property from December 22, 2016 until June 19, 2018; it does not show what images were associated with that listing. Ex. A, at 3-5.

In Count I of the Complaint, AAP alleges that co-Defendant Reyes is liable for direct copyright infringement for allegedly copying, displaying, and distributing the Work, and for making derivatives of the Work. Compl., ¶¶ 31-34. Count II is titled "Vicarious Copyright Infringement by WC Realty." AAP alleges that WC Realty "is liable for the infringement of Reyes because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as 'independent contractors.'" Compl., ¶ 9; *accord id.*, ¶ 11. To support Count II, AAP builds on its allegations that "Reyes copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization." Compl., ¶ 42. AAP then alleges that "WC Realty had the right and ability to supervise the infringing activities of Reyes," that it "had a direct financial interest in the infringing activities alleged," and "WC Realty obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work." Compl., ¶¶ 43-45. AAP concludes Count II, however, alleging that "WC Realty has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate AAP's intellectual property rights." Compl., ¶

46.

In Reyes's Answer to the Complaint (Doc. 10), Reyes denies any act of infringement but admits to having "used" a "subject photo" in connection with a real estate listing. *See* Doc. 10, ¶¶ 31-38, 42.

## ARGUMENT

I. **THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT WC REALTY FOR WHICH RELIEF CAN BE GRANTED.**

AAP is familiar with the pleading requirements for claims of direct copyright infringement and vicarious liability for copyright infringement. *Modern Living*, 2019 U.S. Dist. LEXIS 1320023, at *2-8. "Although a complaint 'does not need detailed factual allegations,' it must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.*, at *3 (quoting *Twombly*, 550 U.S. at 555, also citing *Iqbal*, 556 U.S. at 678). "In the same vein, a complaint may not rest on '"naked assertion[s]" devoid of "further factual enhancement."'" *Ibid.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alterations in original). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3 (quoting same).

Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). "Moreover, 'courts may infer from the factual allegations in the complaint "obvious alternative explanations," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.'" *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3-4 (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605

5

F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682)).

### A.  AAP Has Not Presented Any of the Necessary *Factual* Allegations Required to State a Claim for Vicarious Liability for Copyright Infringement

A claim for vicarious liability for copyright infringement arises against one who "profit[s] from [another's] direct infringement while declining to exercise a right to stop or limit is." *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) ("Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.'") (quoting *Grokster*, 545 U.S. at 930 n.9).

As explained to AAP in *Modern Living*, when dismissing its claim as conclusory, "[i]n order to state a claim for vicarious copyright infringement, a plaintiff must allege (1) 'the right and ability to supervise,' and (2) 'a direct financial interest' in the profits of the infringing activity." 2019 U.S. Dist. LEXIS 132023, at *7-8 (quoting *Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 Fed. Appx. 833 (11th Cir. 2011)).  A claim for vicarious liability requires (1) ***the right and ability to supervise*** the direct infringer and (2) a ***direct financial benefit*** from the alleged infringement. *Klein*, 707 F. Supp. 2d at 1295-99 (explaining the elements of a cause of action).

### 1.  AAP has not sufficiently alleged WC Realty had the right and ability to supervise the alleged infringement by Reyes.

As explained in *Klein*, the "right and ability to supervise" requires more than "the potential" to control or supervise.  707 F. Supp. 2d at 1297.  Addressing that issue in the context of parent corporations and subsidiaries, the court in *Klein* explained that such an "interpretation inevitably leads to the conclusion that parent corporations are always

6

vicariously liable for the infringements of their subsidiaries regardless of how separate their management. Recognizing this was not the intended result of the Copyright Act, courts have turned to an interpretation that requires actual control." *Ibid.* Thus, satisfying the "right and ability to supervise" prong of the analysis requires ***the exercise*** of sufficient control over the direct infringer. *Ibid.*

In *Klein,* this element was satisfied because the controlling party "provided [the alleged direct infringer] office space, held weekly sales meetings, controlled his listings, and in general exercised supervisory control." *Ibid.* In *Modern Living*, however, AAP's allegations were insufficient because though it recited the necessary elements of a cause of action, there were no underlying *factual* allegations to support those legal conclusions. 2019 U.S. Dist. LEXIS 132023, at *8. In *Modern Living*, AAP "allege[d] in conclusory fashion only that Compass is vicariously liable for the infringement of Modern Living as 'a parent, successor, alter ego, continuation, or reincarnation' of Modern Living,' and 'has the right and ability to control the action of MODERN LIVING'S employees and the Modern Living Website.'" 2019 U.S. Dist. LEXIS 132023, at *8. The court explained that this was insufficient because AAP "[did] not allege[] any underlying facts that would lead to the inference that such a conclusion is plausible," and dismissed AAP's claim. *Ibid.*

As in *Modern Living*, AAP's Complaint in this action is devoid of underlying *factual allegations* necessary to support its conclusory recitation of the elements of a cause of action. *Compare* Compl., ¶¶ 23-30, 42-45 *with Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *8. The Complaint lacks any allegations about *actual control* by WC Realty over the alleged infringing acts by Reyes. The Complaint does no more than raise the *potential* right to supervise her actions. *See* Compl., ¶¶ 9-11. But these are no more than legal conclusions

7

without any underlying factual basis. Moreover, AAP appears to concede that Reyes was an "independent contractor," *see* Compl., ¶ 11, any then provides no factual allegations directed to any actual or potential control WC Realty exerted over Reyes. AAP provides only the *conclusion* that "WC Realty had the right and ability to supervise the infringing activities of Reyes." Compl., ¶ 43. This is insufficient. *See Klein*, 707 F. Supp. 2d at 1296-97

### 2. AAP has not sufficiently alleged that WC Realty obtained a direct financial benefit from the alleged infringement by Reyes.

Further, AAP's Complaint fails to provide anything more than legally insufficient conclusory labels to allege that WC Realty obtained a direct financial benefit from Reyes's alleged infringement. *See Twombly*, 550 U.S. at 555–57; *see also Iqbal*, 556 U.S. at 678; *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3-4, 8. Satisfying the "direct financial benefit" prong of the vicarious liability analysis requires AAP to provide *factual allegations* (and ultimately prove) that WC Realty *actually profited* from the alleged infringement by Reyes; the Complaint is clear that WC Realty obtained no such profits. *See Klein*, 707 F. Supp. 2d at 1297-99; *see also* Compl., ¶¶ 44-45. A "direct financial benefit" requires "'a causal relationship between the infringing activity and any financial benefit a defendant reaps . . . .'" *Klein*, 707 F. Supp. 2d at 1299 (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)).

As explained in *Klein*, "not every benefit is a direct financial benefit." 707 F. Supp. 2d at 1299. Analyzing this element and the facts presented, the court in *Klein* explained:

> Bell's infringing use was not of any direct benefit to Klein. No other agents accessed [plaintiff's] website through Bell's computer or password. And Klein did not attract any customers or make any sales because of any [of plaintiff's] information. Thus, there was no "causal relationship" between the infringing activity and a financial benefit reaped by Klein. Therefore, under the facts of this case, Klein is not liable for vicarious infringement.

707 F. Supp. 2d at 1299.

8

Here, AAP has not alleged *any* financial benefit to WC Realty based on the alleged infringement of Reyes. The Complaint presents no underlying factual allegations about *any financial benefit* for the alleged infringement. The Complaint does, however, show that the alleged infringement **did not result** in the sale the property advertised in connection with the alleged infringement. Doc. 1-2 (showing no sale); *see also* Compl., ¶¶ 26-27 (alleging infringement was in connection with the advertising of property for sale). AAP's evidence, showing the **lack** of a sale, and absence of any factual allegations allows this Court to infer that WC Realty obtained no financial benefit from the alleged infringement by Reyes. *See Am. Dental*, 605 F.3d at 1290 (citing *Iqbal*, 556 U.S. at 682).

AAP's Complaint contains no more than the conclusory allegations that "WC Realty had a direct financial interest in the infringing activities alleged," and that "WC Realty obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work." Compl., ¶¶ 44-45. These allegations lack any underlying *factual allegations* and are thus insufficient to state a claim. *See, e.g.*, *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3-4, 7-8; *Twombly*, 550 U.S. Dist. LEXIS 555-57; *Iqbal*, 556 U.S. at 678.

Because AAP has not adequately alleged that WC Realty had the right and ability to supervise the alleged infringement by Reyes, and it has not adequately alleged that WC Realty obtained a direct financial benefit from Reyes's alleged infringment, AAP has failed to state a claim against WC Realty for vicarious liability for copyright infringement. *See Klein*, 707 F. Supp. 2d at 1296-99; *see also Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *7-8. Accordingly, Count II against WC Realty should be dismissed.

  **B.**  **AAP Has Not Adequately Alleged That WC Realty is Vicariously Liable for Reyes's Alleged Infringement Because It Has Not Sufficiently Alleged Direct Infringement by Reyes.**

It is axiomatic that if AAP has not sufficiently alleged Reyes has directly infringed the Work, WC Realty cannot be vicarious liable for that alleged infringement. "[T]o establish this derivative liability, a plaintiff must first make a prima facie case of direct infringement by a third party, which is done by proving ownership of a particular work and evidence of unauthorized copying." *Disney Enters., Inc. v. Hotfile Corp.*, No. 11-20427, 2013 U.S. Dist. LEXIS 172339, *94 (S.D. Fla. Sept. 20, 2013) (citing *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)). Here, however, AAP has done no more than conclusorily allege infringement by Reyes, which is insufficient to state a claim for direct infringment by Reyes and equally insufficient to allege that WC Realty is vicariously liable for alleged infringement by Reyes.

In *Modern Living*, the court dismissed AAP's claim for direct infringement because "the [c]omplaint d[id] not contain factual allegations sufficient to lead to the inference that Compass copied the copyrighted photographs, or otherwise had access to the copyrighted work." 2019 U.S. Dist. LEXIS 132023, at *7.[3] As the *Modern Living* court explained, "[u]pon review, the [c]omplaint does not contain factual allegations sufficient to lead to the inference that Compass copied the copyrighted photographs, or otherwise had access to the copyrighted work." 2019 U.S. Dist. LEXIS 132023, at *7.

The Complaint, while extensive with conclusory infringement allegations provides only one (1) *factual* allegation that Reyes committed an act of alleged infringment. AAP alleged that Exhibit 2 (Doc. 1-2) was the "evidence" that "Defendants committed copyright

---

[3] The *Modern Living* court also dismissed all counts of AAP complaint as an improper "shotgun pleading" based on AAP conflating its allegations against the "defendants," plural instead of pleading which defendant was alleged to have performed which acts. 2019 U.S. Dist. LEXIS 132023, at *4-6. This deficiency is also found in AAP's present Complaint, addressed *infra*, Section II.

10

infringement of the Work." Compl., ¶ 28. AAP's "evidence" however, does not show a website controlled by either Reyes or WC Realty; it is a webpage screenshot from the website of independent third party realtor.com. Doc. 1-2. While the realtor.com webpage screenshot shows that a property located at 15500 46th Ln S, Wellington, Florida 33414 was "listed" on September 28, 2019, "presented by Home Run Real Estate, Inc. with Century 21 Wc Realty," the images associated with that listing are not provided. Doc. 1-2, at 7-8. Further, AAP's evidence shows that the property was previously listed as "presented by Ryan Beckett with Bitrealty," with a set of images which is not shown in that exhibit. Doc. 1-2, at 8. The Beckett listing existed from December 22, 2016 until June 19, 2018. Ex. A, at 3-5.

AAP's claim that Reyes committed an act of copyright infringement is focused *solely* on her alleged acts in connection with the Wellington property identified in AAP's exhibit (Doc. 1-2). Compl., ¶¶ 25-28. But AAP's evidence does not show any connection between an act of infringement and Reyes. Doc. 1-2. Rather, AAP relies on an independent third-party website, realtor.com, which shows the Wellington property was listed at different times, but does not show what images were associated with the different listings. Doc. 1-2, at 7-8.

Reviewing the MLS printout—incorporated into the Complaint by AAP's assertion that the evidence of alleged infringement is the listing of the Wellington property—shows that none of the photographs uploaded by Reyes to the MLS in connection with that property bears a title indicating it is the allegedly infringed "Wellington Sign" photograph. *See* Ex. A, at 2-3; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (on a 12(b)(6) motion the court can rely on documents referred to in the complaint that are central to the claim); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's

claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Here, AAP presents no underlying *factual* allegations to support its conclusory assertions that Reyes directly infringed its copyright in the Work; without adequately alleging direct infringement by Reyes, AAP has failed to state a claim against WC Realty for vicarious liability for that alleged infringment. *See Disney Enters.*, 2013 U.S. Dist. LEXIS 172339, at *94; *Napster*, 239 F.3d at 1013 n.2. Accordingly, the Court should dismiss Count II of the Complaint for failing to state a claim that WC Realty is vicariously liable for the alleged direct infringement by Reyes.

**II.    TO THE EXTENT THAT THE COMPLAINT SEEKS TO INCLUDE A CLAIM FOR DIRECT INFRINGEMENT AGAINST DEFENDANT WC REALTY, THE COMPLAINT VIOLATES RULES 8(a) AND 10(b) AS A "SHOTGUN" PLEADING AND SHOULD THEREFORE BE DISMISSED.**

While Count II of the Complaint *seems* to be limited to a cause of action against WC Realty for vicarious liability for co-Defendant Reyes's alleged direct copyright infringement, *see* Compl., ¶¶ 42-45, it also seems to allege and improperly include a separate claim for direct copyright infringement against WC Realty, *see id.*, ¶ 46 ("WC Realty has continued to copy, display, and distribute the Work at issue with the knowledge that such acts violate AAP's intellectual property rights."). Further, Count II incorporates by reference paragraphs 1 through 30 of the Complaint, which do not separate out acts of each of the "Defendants." *See, e.g.*, Compl., ¶ 24 ("**Defendants** copied, displayed, or distributed the Work or made derivative works from the Work."); ¶ 25 ('**Defendants** copied AAP's copyrighted Work . . . ."); ¶ 26 ("After **Defendants** copied the Work, **they** made further copies and distributed the Work . . . ."); ¶ 27 ("**Defendants** copied and distributed AAP's copyrighted Work in connection with **their** real estate listing . . . ."); ¶ 28 ("**Defendants** committed copyright

12

infringement of the Work as evidence by the document attached hereto as Exhibit 2.") (all emphasis added). This is the same problem that led the *Modern Living* court to dismiss AAP's complaint as a "shotgun" pleading. *See* 2019 U.S. Dist. LEXIS 132023, at *4-6.

Based on the incorporation of these allegations about acts of the "Defendants" (plural), failing to separate out the alleged acts of WC Realty from the alleged acts of co-Defendant Reyes, and coupled with AAP's stray allegation in Count II that WC Realty "has continued to copy, display, and distribute the Work," i.e., acts of direct infringement, Count II appears to improperly include a hidden claim for direct copyright infringement. *See* Compl., ¶¶ 39, 46. To the extent that it does, Count II is an improper "shotgun" count which requires dismissal and for AAP to clearly separate out its distinct claims for relief against WC Realty.

By including allegations that WC Realty has directly infringed the Work, Count II violates Rules 8(a) and 10(b), cramming two distinct causes of action (direct copyright infringement and vicarious liability for copyright infringement) into Count II, failing to separate out those causes of action, in an improper "shotgun pleading" requiring dismissal and repleading. "A complaint that fails to follow Rules 8 and 10 may be classified as a shotgun pleading." *Muhammad v. Muhammad*, 654 Fed. Appx. 455, 457 (11th Cir. 2016). "A shotgun pleading is one that fails 'to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Isaias v. Martin County*, No. 2:18-cv-14171-Rosenberg/Maynard, 2018 U.S. Dist. LEXIS 120000, *7 (S.D. Fla. July 17, 2018) (Rosenberg, J.) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). A "shotgun pleading" is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," it therefore fails to comply with the standards of Rules 8(a) and 10(b). *Id.* at *7 (quoting

13

*Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmt. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (Tjoflat, C.J.)). "The proper remedy for a shotgun pleading is for the court to order repleading for a more definite statement of the claim." *Muhammad*, 654 Fed. Appx. at 457 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (Wilson, J.). Such pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court, and the court's parajudicial personnel and resources." *Jackson v. Bank of America*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (Tjoflat, J.) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (Tjoflat, J.)). As such, "[t]he Court has an obligation to *sua sponte* strike a shotgun pleading." *Boca Raton Reg'l Hosp., Inc. v. Celtic Ins. Co.*, CASE NO. 19-80650-CIV-SINGHAL/REINHART, 2020 U.S. Dist. LEXIS 21612, *28 (S.D. Fla. Feb. 6, 2020) (Reinhart, J.) (citing *Jackson*, 898 F.3d at 1357–58). To that extent, the Eleventh Circuit has explained:

> even if the parties do not request it, the district court "should strike [a shotgun pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." This repleading order comes with the implicit "notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading, or depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions."

*Vibe Micro*, 878 F.3d at 1295 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (Tjoflat, J.), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)). The failure to cure a shotgun pleading after having notice of its defects can result in dismissal with prejudice. *Jackson*, 898 F.3d at 1357–58 (upholding a dismissal with prejudice

14

after the party failed to cure the shotgun pleading after having fair notice of the pleading's defects and a meaningful opportunity to correct them).

Count II of AAP's Complaint commits the third most common type of shotgun pleading, "the sin of not separating into different counts each cause of action or claim for relief." *See Weiland*, 792 F.3d at 1320–23; *see also L.S. v. Peterson*, No. 18-cv-61577, 2018 U.S. Dist. LEXIS 210273, *7–8 (S.D. Fla. Dec. 13, 2018) (Bloom, J.) (incorporating two separate claims into one count is a "quintessential form of shotgun pleading" requiring dismissal). "Courts in the Southern District of Florida require separate counts when separate claims are pleaded, notwithstanding the fact that the claims arose from a single transaction." *Isaias*, 2018 U.S. Dist. LEXIS 120000, at *9 (citing *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, No. 2:14-CV-14420, 2015 U.S. Dist. LEXIS 168069, *39-41 (S.D. Fla. Dec. 16, 2015) (Rosenberg, J.)).

Based on the allegations in Count, AAP appears to have improperly included both a claim for relief against WC Realty for vicarious liability for copyright infringement **and** a separate claim against WC Realty for direct copyright infringement within the Count titled "Vicarious Copyright Infringement by WC Realty." *See* Compl., ¶¶ 39-46. As such, Count II should be dismissed so that AAP can replead to clearly articulate what acts WC Realty is alleged to have performed and what claim or claims AAP is bringing against WC Realty.

Further, AAP's general allegations, improperly conflating the different alleged acts of the distinct Defendants renders the Complaint an improper shotgun pleading. This pleading deficiency was directly addressed to AAP in *Modern Living*. 2019 U.S. Dist. LEXIS 132023, at *4-6. "Although not the quintessential form, the Complaint is nevertheless a shotgun pleading in that it 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . ." *Id.* at *5 (quoting

15

*Weiland*, 792 F.3d at 1321-23). Here, AAP continues the same improper pleading style which resulted in its complaint being dismissed in *Modern Living*, conflating the alleged acts of the "Defendants" instead of separating out which Defendant is alleged to have committed which acts.

Count II of the Complaint improperly includes conclusory allegations that WC Realty is both vicariously liable for the alleged direct infringement by Reyes, ***and*** conclusory allegations that WC Realty is liable, itself, as a direct copyright infringer. As such, Count II should be dismissed as an improper "shotgun" pleading. Further, because AAP improperly conflates the alleged acts of the distinct Defendants, the entire Complaint constitutes an improper "shotgun" pleading which should be dismissed. *See id.* at *4-6.

## CONCLUSION

For at least the reasons addressed above, Defendant WC Realty respectfully requests that the Court grant the instant motion and dismiss Count II of the Complaint.

Respectfully submitted,

MCHALE & SLAVIN, P.A.

**Andrew D. Lockton**
Andrew D. Lockton (Florida Bar No. 115519)
Edward F. McHale (Florida Bar No. 190300)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:   (561) 625-6575
Facsimile:   (561) 625-6572
E-mail:   litigation@mchaleslavin.com

*Attorneys for Defendant WC Realty Group, Inc.*
*d/b/a Century 21 WC Realty*