IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRCIT OF FLORIDA

Case No.: 9:22-cv-81256-DMM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

Plaintiff,

v.

WC REALTY GROUP, INC. DBA CENTURY 21
WC REALTY

Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW

Defendant WC Realty Group, Inc. d/b/a Century 21 WC Realty ("WC Realty") respectfully moves to dismiss Plaintiff Affordable Aerial Photography, Inc.'s ("AAP") First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for again failing to set forth factual allegations sufficient to state a claim for relief, as set forth in greater detail in the incorporated memorandum of law.

Respectfully submitted,

MCHALE & SLAVIN, P.A.

**Andrew D. Lockton**
Andrew D. Lockton (Florida Bar No. 115519)
Edward F. McHale (Florida Bar No. 190300)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:      (561) 625-6575
Facsimile:      (561) 625-6572
E-mail:        litigation@mchaleslavin.com

*Attorneys for Defendant WC Realty Group, Inc.*
*d/b/a Century 21 WC Realty*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES................................................................................

STATEMENT OF ALLEGED FACTS........................................................... 3

WC REALTY'S FIRST MOTION TO DISMISS ........................................... 5

ARGUMENT ...................................................................................................... 6

I.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT WC REALTY FOR WHICH RELIEF CAN BE GRANTED ................................................................................ 6

    A.    AAP Has Not Presented Any of the Necessary *Factual* Allegations Required to State a Claim for Vicarious Liability for Copyright Infringement .................. 7

        1.    AAP has not sufficiently alleged WC Realty had the right and ability to supervise the alleged infringement by Reyes ....................................... 8

        2.    AAP has not sufficiently alleged that WC Realty obtained a direct financial benefit from the alleged infringement by Reyes...................... 9

    B.    AAP Has Not Adequately Alleged That WC Realty is Vicariously Liable for Reyes's Alleged Infringement Because It Has Not Sufficiently Alleged Direct Infringement by Reyes ...............................................................................13

II.    THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE BECAUSE THE FIRST AMENDED COMPLAINT DOES NOT CURE THE DEFICIENCIES IDENTIFIED IN WC REALTY'S EARLIER MOTION (DOC. 11) AND AAP'S EVIDENCE SHOWS THAT LEAVE TO AMEND WOULD BE FUTILE ...............................................................................16

CONCLUSION ...............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

CASES

*A&M Records v. Napster, Inc.*
239 F.3d 1004 (9th Cir. 2001) ................................................................................. 13, 15

*Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*
No. 19-cv-80488, 2019 U.S. Dist. LEXIS 132023 (S.D. Fla. Aug. 7, 2019) ............... *passim*

*Am. Dental Ass'n v. Cigna Corp.*
605 F.3d 1283 (11th Cir. 2010) .................................................................................. 7, 11

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .................................................................................. 2, 7, 9, 11, 12

*Assoc. Builders, Inc. v. Ala. Power Co.*
505 F.2d 97 (5th Cir. 1974) ............................................................................................. 12

*Bell Atl. Corp. v. Twombly*
550 U.S. 555 (2007) ................................................................................... 2, 7, 9, 12

*Bryant v. Dupree*
252 F.3d 1161 (11th Cir. 2001) ................................................................................ 16, 19

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*
489 F.3d 1129 (11th Cir. 2007) ...................................................................................... 7

*Corsello v. Lincare, Inc.*
428 F.3d 1008 (11th Cir. 2005) ..................................................................................... 16

*Day v. Taylor*
400 F.3d 1272 (11th Cir. 2005) ..................................................................................... 11

*Disney Enters., Inc. v. Hotfile Corp.*
No. 11-20427, 2013 U.S. Dist. LEXIS 172339 (S.D. Fla. Sept. 20, 2013) ................. 13, 15

*Ellison v. Robertson*
357 F.3d 1072 (9th Cir. 2004) ....................................................................................... 10

*Griffin Indus., Inc. v. Irvin*
496 F.3d 1189, 1205-06 (11th Cir. 2007) ...................................................................... 12, 15

*Hill v. White*
321 F.3d 1334 (11th Cir. 2003) ...................................................................................... 12

CASES (CONT.)

*Horsley v. Feldt*
  304 F.3d 1125 (11th Cir. 2002) ................................................................................. 11, 15

*Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*
  707 F. Supp. 2d 1287 (M.D. Fla. 2010) ............................................................8, 9, 10, 12

*Maxcess, Inc. v. Lucent Techs., Inc.*
  433 F.3d 1337 (11th Cir. 2005) ................................................................................. 11, 15

*MGM Studios, Inc. v. Grokster, Ltd.*
  545 U.S. 913 (2005) ........................................................................................................ 7

*Thaeter v. Palm Beach Cty. Sheriff's Office*
  449 F.3d 1342 (11th Cir. 2006) ...................................................................................... 7

*Trump v. Clinton*
  Case No. 22-cv-14102, 2022 U.S. Dist. LEXIS 163507 (S.D. Fla. Sept. 8, 2022) ............19

*Wilchombe v. TeeVee Toons, Inc.*
  555 F.3d 949 (11th Cir. 2009) ................................................................................. 11, 15

U.S. CODE

17 U.S.C. § 501 ................................................................................................................ 5

RULES

Fed. R. Civ. P.
  11 .................................................................................................................................18
  11(b) ...........................................................................................................................18
  11(c)(3) .......................................................................................................................18
  12(b)(6) .............................................................................................................. 11, 12, 15
  15 .................................................................................................................................19

## MEMORANDUM OF LAW

In response to Defendant WC Realty Group, Inc. d/b/a Century 21 WC Realty's ("WC Realty") first motion to dismiss (Doc. 11), Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff" or "AAP") frivolously and vexatiously filed a First Amended Complaint (Doc. 16, "FAC") repeating the same deficient allegations as addressed in WC Realty's previous motion (Doc. 10).  AAP knows (or should know) that its allegations are legally insufficient, and it knows it lacks an evidentiary basis, to state a cause of action.

As in the original complaint (Doc. 1), the First Amended Complaint fails to set forth *any* factual basis to support (1) AAP's conclusory and insufficient allegations that WC Realty had the "right and ability to supervise" Reyes (*cf.* Doc. 11 at 6-8)[1]; (2) AAP's conclusory and insufficient allegations that WC Realty obtained a "direct financial benefit" from Reyes' alleged infringement (*cf.* Doc. 11 at 8-9), and the First Amended Complaint's attached *evidence* confirms no such benefit existed, *see* ECF No. 18-2; and (3) AAP's conclusory and insufficient allegation that Reyes infringed AAP's copyright in the Work (*cf.* Doc. 11 at 9-12), particularly since AAP's evidence shows that Reyes **did not**, in fact, upload the allegedly infringing image to the MLS listing on which AAP has based this action, *see* ECF No. 18-2.

AAP knows (or should know) its pleading is deficient and should be dismissed.  These issues were raised by WC Realty in its motion to dismiss, *see* Doc. 11 at 6-12, and these deficiencies were explained to AAP in *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, No. 19-cv-80488-Bloom/Reinhart, 2019 U.S. Dist. LEXIS 132023k *2-8 (S.D. Fla. Aug. 7, 2019) (Bloom, J.) ("*Modern Living*"), where the court granted a motion to dismiss

---

[1] Citation to pages of WC Realty's first motion to dismiss, Doc. 11, refers to pages of the memorandum of law.

AAP's direct copyright infringement and vicarious liability claims as speculative and conclusory.

As with the complaint, the First Amended Complaint does no more than present a formulaic recitation of the elements for its causes of action, conclusorily alleged while supported only by evidence *contradicting* AAP's allegations and basis for bringing this action. The First Amended Complaint actively *avoids* pleading *facts* necessary to support any element of its causes of action, relying instead on the types of labels and conclusions the Court held as deficient in *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

AAP's evidence, however, shows that the accused image is a photograph on MLS listing RX-10564880 titled "15500 46th Wellington." ECF 18-2 at 13.[2] But the MLS listing shows that former-defendant Reyes **did not**, in fact, upload that image to the MLS. *See* ECF No. 18-2 at 7-8 (listing the partial titles for the thirty-eight (38) images uploaded by Ms. Reyes). While the accused image is one of forty-two (42) images present on the MLS listing, AAP's evidence shows that Ms. Reyes (1) only uploaded thirty-eight (38) images and (2) none of the titles for the images uploaded by Ms. Reyes corresponds to the "15500 46th Wellington" image. *See* ECF No. 18-2 at 7-8.[3]

Because this is the second time that AAP has put forth the same deficient claim and allegations against WC Realty (*compare* Doc. 1 *with* Doc. 18), the First Amended Complaint should be dismissed with prejudice.

---

[2] Citations to pages on ECF documents refers to court pages.

[3] AAP also includes a screenshot of a Century 21 webpage that is not related to the Defendant WC Realty, ECF No. 18-2 at 3 (Ex. 2a), but that appears no more than a standard real estate webpage which automatically populates from the MLS and does not evidence any act independent from the MLS listing itself.

## STATEMENT OF ALLEGED FACTS

AAP's First Amended Complaint alleges that in 2014, it created "the photograph entitled Wellington Sign AAP 2014," (the "Work"). FAC, ¶ 18. AAP alleges the Work was registered with the Register of Copyrights on November 16, 2017, and that it was assigned registration number VA 2-081-917. FAC, ¶ 19. The registration certificate number VA 2-081-917 is for a group registration of selected 2014 photographs; one of the photograph titles listed "Wellington Sign AAP 204, Mar. 3, 2014." ECF No. 18-1, at 2-3. AAP alleges that "[a]t all relevant times AAP was the owner of the copyrighted Work at issue in this case." FAC, ¶ 20.

AAP alleges "Reyes copied, displayed or distributed the Work or made derivatives works from the Work," FAC, ¶ 22, after having copied the Work from either (1) prior listings on the multiple listing services, (2) obtained the Work from the internet, or (3) from other real estate associates, *id.*, ¶ 23. AAP further alleges that "[a]fter Reyes copied the Work, Reyes made further copies of the Work and distributed the Work on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Work or similar properties as part of WC Realty's professional real estate businesses." FAC, ¶ 24. The Work, however, does not depict a real estate property which can be sold. FAC, ¶ 18.

AAP alleges "Reyes copied and distributed AAP's copyrighted Work in connection with Defendant's[, i.e., WC Realty's,] real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendant's professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers." FAC, ¶ 25. AAP's evidence of Reyes's alleged direct copyright infringement is shown in Exhibit 2 to the

First Amended Complaint.  FAC, ¶ 26; *see also* ECF No. 18-2.  AAP's evidence is (1) a screen-shot from a third-party Century 21 website allegedly showing a reproduction of the Work, ECF No. 18-2 at 3 (Ex. 2a); and (2) the MLS listing where AAP alleges Reyes posted the accused image, ECF No. 18-2 at 5-19 (Ex. 2b).

The screenshot (Ex. 2a) appears to show a third-party Century 21 website which, like most real estate websites, is programmed to repost content from the MLS indiscriminately.  *See* ECF No. 18-2 at 3.  The MLS listing (Ex. 2b) is for a property located at 15500 46th Ln S, Wellington, Florida 33414.  ECF No. 18-2 at 5.  The exhibit includes a record all actions taken by Ms. Reyes with respect to that listing between the September 27, 2019, listing date and January 16, 2020.  ECF No. 18-2 at 7-8.  An updated copy of the MLS listing shows that the listing expired on September 26, 2020, and that the property has not sold since the time Ms. Reyes listed it in 2019.  ECF No. 11-1 at 2-4.

The MLS listing identifies the accused image as one (1) of forty-two (42) images that were present on the listing, titled "15500 46th Wellington".  ECF No. 18-2 at 13-19.  The transaction record also shows that Reyes only uploaded thirty-eight (38) images to the MLS listing, removed one (1) image from the listing, and that none of the images Reyes uploaded were titled "15500 46th Wellington".  ECF No. 18-2 at 7-8.  On May 24, 2021, all forty-one (41) images were removed from the MLS listing and the primary photo was changed.  ECF No. 11-1 at 2-3.  The exhibit also shows another listing from December 12, 2016 through June 19, 2018, by Ryan S. Beckett.  ECF No. 18-2 at 8-9.

In Count I of the First Amended Complaint, AAP alleges that WC Realty is vicari-ously liable for Reyes's alleged direct infringement.  FAC, ¶¶ 31-37.  AAP alleges that WC Realty appeared as the broker on Reyes's real estate listing, which is where AAP alleged Reyes

committed an act of copyright infringement.  FAC, ¶ 7.  AAP alleges that "WC Realty is liable for the infringement of Reyes because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as 'independent contractors.'"  FAC, ¶ 8.  AAP asserts that "even if WC Realty designates its agents as 'independent contractors,' Reyes is an 'employee' under the Florida Real Estate Code and the common law of principal/agent [*sic*] in Florida," and further asserts that "WC Realty is vicariously liable for its agents' acts committed in connection with and in furtherance of WC Realty's real estate brokerage business." FAC, ¶ 10.

Within the Count, AAP alleges that "Reyes copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501."  FAC, ¶ 34.  AAP then alleges (1) that "[a]s the real estate broker for Reyes, WC Realty had the right and ability to supervise the infringing activities of Reyes alleged herein," FAC, ¶ 35; (2) that "[a]s the real estate broker for Reyes, WC Realty had a direct financial interest in the [allegedly] infringing activities," FAC, ¶ 36; and (3) that "[a]s a result of WC Realty's vicarious infringement as alleged above, WC Realty obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work," FAC, ¶ 37.

In Reyes's Answer to the Complaint (Doc. 10), Reyes denied any act of infringement but admitted to having "used" a "subject photo" in connection with a real estate listing.  *See* Doc. 10, ¶¶ 31-38, 42.

### WC REALTY'S FIRST MOTION TO DISMISS

Following service of AAP's original complaint, WC Realty filed a motion to dismiss. (Doc. 10).  That motion included a true and correct printout of the MLS listing containing

the transaction records up through May 24, 2021.  ECF No. 10-1.  In WC Realty's first motion, it presented that AAP's complaint failed to state a cause of action against WC Realty for vicarious liability for Reyes's alleged copyright infringement because (1) AAP provided no factual basis and only conclusory allegations to allege WC Realty had the right and ability to control Reyes's alleged infringement, (2) AAP provided only conclusory allegations contradicted by its own evidence to allege WC Realty obtained a direct financial benefit from Reyes's alleged infringement, and (3) AAP provided only conclusory allegations contradicted by its own evidence to allege that Reyes had actually infringed AAP's copyright in the Work.  Doc. 11 at 5-12.   WC Realty also moved to dismiss because AAP improperly asserted a separate cause of action for direct copyright infringement within its count for vicarious liability for copyright infringement in an impermissible "shotgun" pleading.  Doc. 11 at 12-16.  While the First Amended Complaint cured the "shotgun" pleading deficiency, it did not provide any further *factual* allegation to support its claim against WC Realty, and instead provided even clearer evidence that AAP has no right to seek relief in this Court because Reyes did not upload the allegedly infringing image to the MLS.  *See generally* Doc. 18; *see also infra*, Sections I-II.

## ARGUMENT

### I.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VICARIOUS LIABILITY FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT WC REALTY FOR WHICH RELIEF CAN BE GRANTED.

AAP is familiar with the pleading requirements for claims of direct copyright infringement and vicarious liability for copyright infringement.  *Modern Living*, 2019 U.S. Dist. LEXIS 1320023, at *2-8.  "Although a complaint 'does not need detailed factual allegations,' it must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do.'" *Id.*, at *3 (quoting *Twombly*, 550 U.S. at 555, also citing *Iqbal*, 556 U.S. at 678). "In the same vein, a complaint may not rest on '"naked assertion[s]" devoid of "further factual enhancement."'" *Ibid.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alterations in original). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3 (quoting same).

Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). "Moreover, 'courts may infer from the factual allegations in the complaint "obvious alternative explanations," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.'" *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3-4 (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682)).

### A.   AAP Has Not Presented Any of the Necessary *Factual* Allegations Required to State a Claim for Vicarious Liability for Copyright Infringement

A claim for vicarious liability for copyright infringement arises against one who "profit[s] from [another's] direct infringement while declining to exercise a right to stop or limit is." *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) ("Liability for vicarious copyright infringement arises 'when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.'") (quoting *Grokster*, 545 U.S. at 930 n.9).

As explained to AAP in *Modern Living*, when dismissing its claim as conclusory, "[i]n order to state a claim for vicarious copyright infringement, a plaintiff must allege (1) 'the right

and ability to supervise,' and (2) 'a direct financial interest' in the profits of the infringing activity."  2019 U.S. Dist. LEXIS 132023, at *7-8 (quoting *Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 Fed. Appx. 833 (11th Cir. 2011)).  A claim for vicarious liability requires (1) **the right and ability to supervise** the direct infringer and (2) a **direct financial benefit** from the alleged infringement. *Klein*, 707 F. Supp. 2d at 1295-99 (explaining the elements of a cause of action).

### 1.    AAP has not sufficiently alleged WC Realty had the right and ability to supervise the alleged infringement by Reyes.

As explained in *Klein*, the "right and ability to supervise" requires more than "the potential" to control or supervise.  707 F. Supp. 2d at 1297.  Explaining the issue in the context of parent corporations and subsidiaries, the court in *Klein* discussed that allowing only the *potential to control* another's actions "inevitably leads to the conclusion that parent corporations are always vicariously liable for the infringements of their subsidiaries regardless of how separate their management.  Recognizing this was not the intended result of the Copyright Act, courts have turned to an interpretation that requires actual control."  *Ibid.*  Thus, the court explained that satisfying the "right and ability to supervise" prong of the vicarious liability analysis requires **the exercise** of sufficient control over the direct infringer.  *Ibid.*

In *Klein,* the exercise of sufficient control was found because Klein, a real estate broker, "provided [the alleged direct infringer] office space, held weekly sales meetings, controlled his listings, and in general exercised supervisory control."  *Ibid.*  In *Modern Living*, however, AAP's allegations were insufficient because though it recited the necessary elements of a cause of action, there were no underlying *factual* allegations to support those legal conclusions.  2019 U.S. Dist. LEXIS 132023, at *8.  In *Modern Living*, AAP "allege[d] in conclusory fashion only that Compass is vicariously liable for the infringement of Modern Living as 'a parent,

successor, alter ego, continuation, or reincarnation' of Modern Living,' and 'has the right and ability to control the action of MODERN LIVING'S employees and the Modern Living Website.'" 2019 U.S. Dist. LEXIS 132023, at *8. The court explained that this was insufficient because AAP "[did] not allege[] any underlying facts that would lead to the inference that such a conclusion is plausible," and dismissed AAP's claim. *Ibid.*

As in *Modern Living*, AAP's First Amended Complaint in this action is devoid of underlying *factual allegations* necessary to support its conclusory recitation of the elements of a cause of action. *Compare* FAC, ¶¶ 22-29, 34-37 *with Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *8. The pleading lacks any allegations as to *actual control* by WC Realty over the alleged infringing acts by Reyes. The pleading does no more than raise the *potential* right of WC Realty to supervise Reyes's actions. *See* FAC, ¶¶ 7-10. But these are no more than legal conclusions without any underlying factual basis. Moreover, AAP appears to concede that Reyes was an "independent contractor," *see* FAC, ¶¶ 8-10, and then provides no factual allegations to support any actual control WC Realty exerted over Reyes. AAP's allegations and legal *conclusion* that "WC Realty had the right and ability to supervise the infringing activities of Reyes," FAC, ¶ 35, is woefully deficient and contrary to the law, *see Klein*, 707 F. Supp. 2d at 1296-97 (requiring factual allegations to establish the right and ability of the real estate broker to control the agent).

> ## 2. AAP has not sufficiently alleged that WC Realty obtained a direct financial benefit from the alleged infringement by Reyes.

Further, AAP's First Amended Complaint fails to provide anything more than legally insufficient conclusory labels to allege that WC Realty obtained a direct financial benefit from Reyes's alleged infringement. *See Twombly*, 550 U.S. at 555–57; *see also Iqbal*, 556 U.S. at 678; *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3-4, 8. Satisfying the "direct financial

benefit" prong of the vicarious liability analysis requires AAP to provide *factual allegations* (and ultimately prove) that WC Realty *actually profited* from the alleged infringement by Reyes. *See Klein*, 707 F. Supp. 2d at 1297-99. The evidence AAP presented is clear: **WC Realty obtained no such profits**. *See* ECF No. 18-2; *see also* ECF No. 11-1.

A "direct financial benefit" requires "'a causal relationship between the infringing activity and any financial benefit a defendant reaps . . . .'" *Klein*, 707 F. Supp. 2d at 1299 (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)). As explained in *Klein*, "not every benefit is a direct financial benefit." 707 F. Supp. 2d at 1299. Analyzing this element and the facts presented, the court in *Klein* explained:

> Bell's infringing use was not of any direct benefit to Klein. No other agents accessed [plaintiff's] website through Bell's computer or password. And Klein did not attract any customers or make any sales because of any [of plaintiff's] information. Thus, there was no "causal relationship" between the infringing activity and a financial benefit reaped by Klein. Therefore, under the facts of this case, Klein is not liable for vicarious infringement.

707 F. Supp. 2d at 1299.

Here, AAP has not alleged *any* financial benefit to WC Realty based on the alleged infringement of Reyes. The First Amended Complaint presents no underlying factual allegations about *any financial benefit* for the alleged infringement. *See* FAC, ¶¶ 36-37 (alleging only legal conclusions). The evidence AAP previously presented to the Court[4] and the evidence attached to (ECF No. 18-2), and incorporated into (ECF No. 11-1), the First Amended Complaint, however, shows that the alleged infringement **did not result** in the sale the property

---

[4] Faced with WC Realty's previous motion addressing the lack of any allegation of direct financial benefit coupled with AAP's evidence showing no financial benefit (*see* Doc. 11 at 8-9), it is telling that AAP did not provide any evidence or a factual allegation of a direct financial benefit to WC Realty, but instead chose to *withhold* its evidence contradicting the conclusory allegations it presents to the Court. Such actions suggest AAP's allegations lack a factual basis and that its pleadings have been brought for an improper purpose.

advertised in connection with the alleged infringement.  *See, e.g.*, FAC., ¶¶ 24-26 (alleging infringement was done in connection with the advertising of a property for sale); ECF No. 18-2 (asserting infringment in connection with an MLS listing); ECF No. 11-1 (the MLS listing showing that the property did not sell); ECF No. 1-2 (exhibit to original complaint showing no sale of the property).  AAP's evidence, showing the **lack** of a sale, and absence of any contrary factual allegations, allows this Court to infer that WC Realty obtained no financial benefit from the alleged infringement by Reyes.  *See Am. Dental*, 605 F.3d at 1290 (citing *Iqbal*, 556 U.S. at 682).

The updated MLS listing (ECF No. 11-1) is incorporated by reference into the First Amended Complaint and is properly considered when ruling on a 12(b)(6) motion.  In a motion to dismiss brought under Rule 12(b)(6), a court may consider a document outside of the pleadings if it is (1) central to the plaintiff's claim and (2) undisputed, which means that its authenticity is not challenged.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (on a 12(b)(6) motion the court can rely on documents referred to in the complaint that are central to the claim); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley*, 304 F.3d at 1135).  Here, AAP's claim is based on the allegedly infringing image on the MLS listing, but AAP has only presented an incomplete version of that listing, excluding the information showing that the listing expired without the property ever selling.  *Compare* ECF No. 18-2 at 3-19 *with* ECF No. 11-1.  Because AAP's claim is based on the MLS listing, the further information on that listing is central to AAP's claim and therefore incorporated into the pleading.  *See, e.g.*, *Day v. Taylor*, 400 F.3d

1272, 1274-76 (11th Cir. 2005).

AAP's First Amended Complaint contains no more than conclusory allegations that "WC Realty had a direct financial interest in the infringing activities alleged," and that "WC Realty obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work." FAC, ¶¶ 36-37. These allegations lack any underlying *factual allegations* and are thus insufficient to state a claim. *See, e.g.*, *Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *3-4, 7-8; *Twombly*, 550 U.S. Dist. LEXIS 555-57; *Iqbal*, 556 U.S. at 678. Further, the evidence incorporated into the pleadings contradicts AAP's conclusory allegations and controls here. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

Though a court must accept *factual* allegations as true when ruling on a 12(b)(6) motion, and construe *factual* allegations in the light most favorable to the plaintiff, *see Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), that duty "does not require [the court] to ignore the specific factual details of the pleadings in favor of general or conclusory allegations," *Griffin Indus.*, 496 F.3d at 1205-06 (citing *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). And "[i]ndeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Ibid.* Here, the exhibits show that no financial benefit to WC Realty occurred. *See* ECF No. 11-1.

Because AAP has not adequately alleged that WC Realty had the right and ability to supervise the alleged infringement by Reyes, and it has not adequately alleged that WC Realty obtained a direct financial benefit from Reyes's alleged infringment, AAP has failed to state a claim against WC Realty for vicarious liability for copyright infringement. *See Klein*, 707 F. Supp. 2d at 1296-99; *see also Modern Living*, 2019 U.S. Dist. LEXIS 132023, at *7-8. Accordingly, Count I (the only count) should be dismissed.

**B.      AAP Has Not Adequately Alleged That WC Realty is Vicariously Liable for Reyes's Alleged Infringement Because It Has Not Sufficiently Alleged Direct Infringement by Reyes.**

It is axiomatic that if AAP has not sufficiently alleged Reyes has directly infringed the Work, WC Realty cannot be vicarious liable for that alleged infringement.  "[T]o establish this derivative liability, a plaintiff must first make a prima facie case of direct infringement by a third party, which is done by proving ownership of a particular work and evidence of unauthorized copying."  *Disney Enters., Inc. v. Hotfile Corp.*, No. 11-20427, 2013 U.S. Dist. LEXIS 172339, *94 (S.D. Fla. Sept. 20, 2013) (citing *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)).  Here, however, AAP has only conclusorily alleged infringement by Reyes, which is insufficient to state a claim for direct infringement by Reyes and equally insufficient to allege that WC Realty is vicariously liable for alleged infringement by Reyes; moreover, it presented evidence showing Reyes **did not**, in fact, infringe its copyright.

In *Modern Living*, the court dismissed AAP's claim for direct infringement because "the [c]omplaint d[id] not contain factual allegations sufficient to lead to the inference that Compass copied the copyrighted photographs, or otherwise had access to the copyrighted work." 2019 U.S. Dist. LEXIS 132023, at *7.  As the *Modern Living* court explained, "[u]pon review, the [c]omplaint does not contain factual allegations sufficient to lead to the inference that Compass copied the copyrighted photographs, or otherwise had access to the copyrighted work."  2019 U.S. Dist. LEXIS 132023, at *7.

The First Amended Complaint, while including several conclusory infringement allegations provides only one (1) *factual* allegation that Reyes committed an act of alleged infringement.  AAP alleges that Exhibit 2 (Doc. 18-2) is the "evidence" that "Reyes committed direct copyright infringement of the Work by uploading it to one or more Florida multiple listing

services to promote the sale of a residential property."  FAC, ¶ 26.  AAP's first piece of "evidence" (Ex. 2a), however, does not show a website controlled by either Reyes or WC Realty; it is a webpage screenshot from the website of independent third-party Century 21, ECF No. 18-2 at 3, which is of the type that automatically populates from the MLS.  AAP's second piece of "evidence" (Ex. 2b) negates all of AAP's allegations by showing the Reyes did not upload the allegedly infringing image to the MLS.  ECF No. 18-2 at 5-19.

The MLS listing (Ex. 2b) shows that Reyes first listed the property on September 27, 2019.  ECF No. 18-2 at 8.  On September 28, 2019, Reyes then added thirty-eight (38) photos to the listing and removed one (1) photo.  ECF No. 18-2 at 7-8.  She did not add or remove any more photos in connection with that listing.  *See* ECF No. 18-2 at 7-8; *see also* ECF No. 11-1 at 2-4.  But while Reyes added thirty-eight (38) photos to the MLS listing and removed one (1) photo, the evidence shows that the MLS listing contained forty-two (42) total images.  ECF No. 18-2 at 13-19.  At a minimum, four (4) photos were present on the MLS listing that Reyes did not upload, and possibly five (5) photos.  *See* ECF No. 18-2 at 7-19.  This is further confirmed by the removal of forty-one (41) photos from the MLS listing on May 24, 2021, and the change to the primary photo, changes that occurred *after* Reyes's MLS listing expired.  *See* ECF No. 11-1 at 2-3.

AAP's evidence (Ex. 2b) confirms that the allegedly infringing image was **not** one of the photos uploaded by Reyes.  The allegedly infringing image was uploaded with the title "15500 46th Wellington."  ECF No. 18-2 at 13.  While the prefix "15500 46th" was common for all[5] of the photos on the MLS listing, given the address of the property, reviewing the list of the titles of photos uploaded by Reyes it is shown clearly that Reyes did not upload any

---

[5] There is one apparent typo for a photo titled "155 46th lane pool."  ECF No. 18-2 at 13.

photo titled "15500 46th Wellington." *See* ECF No. 18-2 at 7-8. While only partial names of those titles are shown in the MLS transaction record, none of the photos include "Wellington" or any partial variant following the "15500 46th" prefix. ECF No. 18-2 at 7-8.

Reviewing the First Amended Complaint, which incorporates by reference AAP's MLS printout from 2020 (Ex. 2b) and the updated MLS printout from 2022 (ECF No. 11-1), AAP has only presented conclusory and speculative allegations that Reyes directly infringed AAP's copyright in the Work while *simultaneously* providing evidence that she did not. *Compare* FAC, ¶¶ *with* ECF No. 18-2 at 7-19 *and* ECF No. 11-1 at 2-4. In ruling on a Rule 12(b)(6) motion, those documents govern—not AAP's conclusory allegations to the contrary. *See Griffin Indus.*, 496 F.3d at 1205-06 ("Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."); *see also TeeVee Toons*, 555 F.3d at 959 (on a 12(b)(6) motion the court can rely on documents referred to in the complaint that are central to the claim); *Maxcess*, 433 F.3d at 1340 ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley*, 304 F.3d at 1135).

Here, AAP presents no underlying *factual* allegations to support its conclusory assertions that Reyes directly infringed its copyright in the Work; without adequately alleging direct infringement by Reyes, AAP has failed to state a claim against WC Realty for vicarious liability for that alleged infringement. *See Disney Enters.*, 2013 U.S. Dist. LEXIS 172339, at *94; *Napster*, 239 F.3d at 1013 n.2. Accordingly, the Court should dismiss the First Amended Complaint for failing to state a claim that WC Realty is vicariously liable for the alleged direct infringement by Reyes.

## II.   THIS COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE BECAUSE THE FIRST AMENDED COMPLAINT DOES NOT CURE THE DEFICIENCIES IDENTIFIED IN WC REALTY'S EARLIER MOTION (DOC. 11) AND AAP'S EVIDENCE SHOWS THAT LEAVE TO AMEND WOULD BE FUTILE.

AAP has now failed twice to state a plausible cause of action against WC Realty; leave to amend should not be granted and the Court should dismiss AAP's action with prejudice. AAP's original complaint failed to do more that recite the elements of a cause of action for vicarious liability against WC Realty. It provided no factual allegations to support its conclusory allegations (1) that WC Realty had "the right and ability to supervise" Reyes's allegedly infringing conduct, *see* Doc. 11 at 6-8; (2) that WC Realty obtained a "direct financial benefit" from Reyes's alleged infringement, and even provided evidence showing no such benefit existed, *see* Doc. 11 at 8-9; (3) that Reyes committed an act of direct infringement, *see* Doc. 11 at 9-12. AAP's First Amended Complaint did not fix or address any of those deficiencies previously addressed by WC Realty. The only correction AAP made between the complaint and the First Amended Complaint was to fix the "shotgun" pleading problem identified by WC Realty. *Compare* Doc. 11 at 12-16 *with* FAC.

Ordinarily, a party must be given at least one opportunity to amend before a district court dismisses a party's cause of action. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But a district court "need not 'allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quoting *Bryant*, 252 F.3d at 1163). AAP should not be granted leave for further amendment because the present record reflects bad faith, dilatory motive, and the repeated failure to cure deficiencies in its pleadings. Moreover, AAP's evidence reflects that

leave to amend would be futile.

In initiating this action, AAP relied on a third-party website, Realtor.com, as the "evidence" of alleged infringement.  *See* ECF No. 1 at ¶ 28; *see also* ECF No. 1-2.  That original "evidence," however, obscured whether there was any infringement by Reyes because it **did not** show that Reyes uploaded the accused image to anything and suggested an independent third party realtor could have uploaded that image in 2016.  *See* Doc. 11 at 9-12.  It only showed that the third-party website displayed the allegedly infringing image, which only indicates that an MLS listing for that property included the accused image; it does not indicate *who* uploaded that image to the MLS.  *See ibid.*  In moving to dismiss, WC Realty pointed out that the MLS transaction history (ECF No. 11-1, incorporated into the pleadings) showed Reyes *did not*, in fact, upload the allegedly infringing image, citing a 2022 printout from the MLS.  *See* Doc. 11 at 9-12.

In filing the First Amended Complaint, AAP produced an MLS printout necessarily obtained between January 16, 2020, and March 24, 2020.  Moreover, AAP's 2020 MLS printout *proves* that Reyes did not upload the accused image and that AAP had no evidentiary basis for bringing its claims.  *See supra*, Section I.B.  AAP's 2020 MLS printout is incomplete, but in comparing it to the 2022 MLS printout it is clear that AAP necessarily obtained the 2020 MLS printout (Ex. 2b) between January 16, 2020, and March 24, 2020.  *Compare* ECF No. 18-2 at 7 *with* ECF No. 11-1 at 2-3 (showing a price change occurring on March 24, 2020, the listing expiring on September 27, 2020, and forty-one (41) photos removed on May 24, 2021).  But in bringing the First Amended Complaint AAP relied on the 2020 MLS printout (Ex. 2b) and *withheld* the 2022 MLS printout showing that AAP lacked evidence of, at least, a "direct financial benefit" to WC Realty.

17

AAP has already engaged in dilatory tactics (possibly rising to the level of bad faith) with the respect to its pleadings in this action. AAP possessed the 2020 MLS printout (Ex. 2b) when it filed this action but withheld it from the Court and the original defendants, withholding evidence which showed AAP lacked an evidentiary basis for its claims. Instead, AAP relied on the third-party Realtor.com webpage, preventing the Court and parties from recognizing that AAP was aware its claims were frivolous and without a factual basis and misleading. AAP filed and maintained its allegations while possessing evidence **directly refuting** its speculative and conclusory allegations and claims.[6]

AAP only presented the 2020 MLS listing (Ex. 2b) *after* WC Realty presented the 2022 MLS listing (ECF No. 11-1). WC Realty presented the 2022 MLS listing to show, *inter alia*, that AAP's conclusory allegations that it "had a direct financial interest in" or profited from Reyes's alleged infringement were factually unsupportable. Doc. 11 at 8-9. In bringing the First Amended Complaint, AAP maintained those conclusory allegations despite possessing evidence—provided by WC Realty and also separately obtainable by AAP—**directly refuting** AAP's conclusory and speculative allegations that WC Realty profited from Reyes's alleged infringment. *See* FAC, ¶¶ 36-37. The totality of this conduct suggests AAP has already been dilatory in presenting its evidence, evidence it has possessed since long before this action was initiated. Leave to amend should not be granted if AAP intends only to bolster its pleading with more evidence that it has been withholding.

Additionally, no further amendment should granted because such leave would be

---

[6] This also raises questions as to whether AAP was seeking to mislead by obscuring its lack of evidence to support its causes of action, while possessing evidence refuting its claims. Though this Motion is not a motion brought under Rule 11, Fed. R. Civ. P., the Court has the independent authority to issue an Order to Show Cause to determine if AAP and its counsel violated Rule 11(b), if it is so inclined. *See* Fed. R. Civ. P. 11(c)(3).

futile.  While Rule 15 provides that leave to amend should be given freely when justice so requires, "a district court need not allow amendment 'when amendment would be futile.'" *Trump v. Clinton*, Case No. 22-cv-14102-Middlebrooks, 2022 U.S. Dist. LEXIS 163507, *91 (S.D. Fla. Sept. 8, 2022) (Middlebrooks, J.) (quoting *Bryant*, 252 F.3d at 1163).  Here, WC Realty "presented substantively identical arguments in support of dismissal in the earlier round of briefing on [AAP's] original complaint," *see ibid.*; *cf.* Doc. 11 (previous motion to dismiss), "[b]ut despite this briefing, [AAP's] Amended Complaint failed to cure any of these deficiencies," *see Trump*, 2022 U.S. Dist. LEXIS 163507, at *91; *cf.* FAC.  Like in *Trump*, "[t]hese inadequacies . . . are not 'merely issues of technical pleading,' . . . but fatal substantive defects that preclude [AAP] from proceeding under any of the theories [it] has presented." *See* 2022 U.S. Dist. LEXIS 163507, at *92.  Rather than presenting *merely conclusory* allegations in both of AAP's attempts to state causes of action against WC Realty, AAP has provided *affirmative evidence* that establishes it has no basis to have filed, or maintain, this claim against WC Realty.  *See infra*, Section I.

Here, AAP's evidence proves, at least, that AAP has no evidence to assert that Reyes infringed the copyright in the Work and that WC Realty obtained no direct financial benefit from Reyes's alleged infringement.  *See supra*, Sections I.A.2, I.B.[7]  Because these two critical elements are necessary for AAP to prevail on its claim against WC Realty, and because those elements are foreclosed by AAP's evidence, any further leave to amend would be futile. This evidence reflects "fatal substantive defects that preclude [AAP] from proceeding under any of the theories [it] has presented."  *See Trump*, 2022 U.S. Dist. LEXIS 163507, at *92.

---

[7] While AAP lacks evidence to show that WC Realty had the "right and ability to supervise" Reyes's alleged infringement, *see supra*, Section I.A.1, its evidence does not foreclose that element of vicarious liability; its evidence, however, *does* foreclose the other elements.

## CONCLUSION

For at least the reasons addressed above, Defendant WC Realty respectfully requests that the Court grant the instant Motion and dismiss AAP's First Amended Complaint.  Because all deficiencies argued in this Motion were previously addressed to AAP in the last round of briefing, and because AAP's evidence forecloses its claims against WC Realty, in dismissing the First Amended Complaint, WC Realty respectfully requests that the Court do so with prejudice.

Respectfully submitted,

McHALE & SLAVIN, P.A.

**Andrew D. Lockton**
Andrew D. Lockton (Florida Bar No. 115519)
Edward F. McHale (Florida Bar No. 190300)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:     (561) 625-6575
Facsimile:      (561) 625-6572
E-mail:           litigation@mchaleslavin.com

*Attorneys for Defendant WC Realty Group, Inc.*
*d/b/a Century 21 WC Realty*