## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.:  9:22-cv-81256

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

        Plaintiff,

v.

WC REALTY GROUP, INC. dba CENTURY
21 WC REALTY and JORIS C. REYES,

        Defendants.

_____

### <u>PLAINTIFF AFFORDABLE AERIAL PHOTOGRAPHY, INC.'S</u>
### <u>OPPOSITION TO DEFENDANT WC REALTY GROUP, INC.'S</u>
### <u>VERIFIED MOTION FOR ATTORNEY'S FEES</u>

Dated:  January 24, 2023

JOEL B.  ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
CRAIG A.  WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Affordable Aerial Photography, Inc.*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................1

II.     RELEVANT FACTS ..............................................................................................2

III.    ARGUMENT: WC REALTY SHOULD NOT BE AWARDED ITS ATTORNEYS FEES AND COSTS FROM THIS ACTION ..............................................................................4

   A.    Awarding WC Realty's Fees Would Contravene the *Kirtsaeng* and *Fogerty* Decisions .4

     1.    AAP's Case Was Not Frivolous.................................................................4

     2.    AAP's Claim Was Objectively Reasonable ..............................................5

     a.    The vicarious liability claim was legally and factually sound. .................5

     b.    The evidence AAP attached to the Amended Complaint, which WC Realty accuses AAP of "withholding," supports the objective reasonableness of AAP's claim. ...............7

     3.    AAP Brought This Case with Proper Motivation ......................................9

     4.    An Award for Compensation or Deterrence Would Undermine the Purposes of the Copyright Act...........................................................................10

     a.    Section 505 is meant to help courts demarcate the boundaries of copyright law. ...10

     b.    WC Realty is not a "prevailing party" for purposes of Section 505 because its "success" is purely technical, and because the statute of limitations had not run. ..................11

   B.    Awarding WC Realty Its Fees Would Make § 505 a Mandatory Fee Shifting Statute ..12

   C.    WCR Should Not Be Rewarded for Unreasonably Running up Its Fees Pre-dismissal .13

     1.    The number of hours WCR's attorneys expended is excessive. .............................14

   D.    Awarding WC Realty the Amount It Seeks Is Unjustified and Promotes Unnecessary Litigation ..........................................................................................15

   E.    Even if WC Realty Is Entitled to Seek Attorney's Fees and Costs, It Should Not Be Awarded the Fees It Seeks ..........................................................................16

     1.    WC Realty Has Not Complied with Local Rule 7.3(b) Because It Has Not Made Any Good Faith Attempt to Settle Attorney's Fees and Costs Issues ..........................16

     2.    AAP Complied with Local Rule 7.3(b) and Objected Accordingly .......................16

   F.    WC Realty's Request for "Fees on Fees" Should Be Denied.........................................18

IV.   CONCLUSION......................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                     **Page(s)**

*Affordable Aerial Photography, Inc. v. Illustrated Props. Real Estate*,
  No. 9:16-cv-80109-Dimitrouleas/Snow, 2016 U.S. Dist. LEXIS 58366 (S.D. Fla. May 3, 2016)
  .............................................................................................................................................. *passim*

*Bonner v. Prichard*,
  661 F.2d 1206 (11th Cir. 1981) ...................................................................................... 14

*Cable/Home Commun. Corp. v. Network Prods.*,
  902 F.2d 829 (11th Cir. 1990) ........................................................................................ 11

*Calhoun v. Lillenas Publ'g*,
  298 F.3d 1228 (11th Cir. 2002) ...................................................................................... 12

*Common Cause Ga. v. Secretary*,
  17 F.4th 102 (11th Cir. 2021) ......................................................................................... 18

*Epikhin v. Game Insight N. Am.*,
  No. 14-CV-04383-LHK, 2016 U.S. Dist. LEXIS 44170 (N.D. Cal. Mar. 31, 2016) ........................ 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ............................................................................................................ 4

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) .................................................................................................. *passim*

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
  CIVIL NO. 13-00496 SOM/BMK, 2015 U.S. Dist. LEXIS 127213 (D. Haw. Sept. 23, 2015) ........ 9

*Gatearm Techs. v. Access Masters*,
  No. 14-62697-CIV-SCOLA/OTAZO-REYES, 2021 U.S. Dist. LEXIS 129700 (S.D. Fla. July 12,
  2021) ............................................................................................................................ *17, 18*

*Hall v. Cole*,
  412 U.S. 1 (1973) ................................................................................................................ 9

*Johnson v. ARS Nat'l Servs.*,
  No. 11-80967-CV-Hurley/Hopkins, 2012 U.S. Dist. LEXIS 202029 (S.D. Fla. June 11, 2012)
  .................................................................................................................................... 16, 17

*Johnson v. Ga. Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) .......................................................................................... 14

*Kirtsaeng v. John Wiley & Sons, Inc.* ,
  136 S. Ct. 1979 (2016) ............................................................................................... *passim*

*Klein & Heuchan, Inc. v. Costar Realty Info., Inc.* ,
    No. 8:08-cv-1227-T-30EAJ, 2011 U.S. Dist. LEXIS 141246 (M.D. Fla. Dec. 7, 2011) ............. 5, 13

*Luken v. Int'l Yacht Council, Ltd.*,
    581 F. Supp. 2d 1226 (S.D. Fla. 2008) ......................................................................... 9

*Malibu Media, L.L.C. v. Pelizzo*,
    604 F. App'x 879 (11th Cir. 2015) ........................................................................... 10

*MGM Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) ........................................... 13

*Muransky v. Godiva Chocolatier, Inc.*,
    922 F.3d 1175 (11th Cir. 2019) ............................................................................... 14

*Myeress v. Heidenry*,
    CASE NO.: 1:19-cv-21568-RAR, 2019 U.S. Dist. LEXIS 205631 (S.D. Fla. Nov. 25, 2019) ......... 6

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ............................................................................................... 4

*Norelus v. Denny's, Inc.*,
    628 F.3d 1270 (11th Cir. 2010) ............................................................................... 19

*Norman v. Hous. Auth. of Montgomery*,
    836 F.2d 1292 (11th Cir. 1988) ............................................................................... 13

*Olem Shoe Corp. v. Wash. Shoe Co.*,
    CASE NO. 09-23494-CIV-HUCK, 2015 U.S. Dist. LEXIS 186041 (S.D. Fla. Oct. 5, 2015) ........ 10

*Olem Shoe Corp. v. Wash. Shoe Corp.*,
    127 F. Supp. 3d 66710 (S.D. Fla. 2017) ................................................................... 11

*Olem Shoe Corp. v. Wash. Shoe Corp.*,
    No. 09-23494-CIV-HUCK/OTAZO-REYES, 2017 U.S. Dist. LEXIS 66710 (S.D. Fla. May 1, 2017) ................................................................................................................... 11

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    NO. C 04-00371 JW, 2005 U.S. Dist. LEXIS 48013 (N.D. Cal. Aug. 12, 2005) ............................. 4

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*,
    394 F.3d 357 (5th Cir. 2004) ................................................................................... 4

*Prof'l LED Lighting, Ltd. v. Aadyn Tech. L.L.C.*,
    No. 14-cv-61376-BLOOM/VALLE, 2015 U.S. Dist. LEXIS 189341 (S.D. Fla. July 22, 2015) .... 19

*Prof'l Plaza Condo. Ass'n v. Landmark Infrastructure Holding Co.*,
    No. 20-20707-CIV-COOKE/GOODMAN, 2022 U.S. Dist. LEXIS 106800 (S.D. Fla. June 14, 2022) ......................................................................................................... 15, 16

*Rimini St., Inc. v. Oracle USA, Inc.*,
    139 S. Ct. 873 (2019) ............................................................................................. 12

*Rosa-Nales v. Carnival Corp.*,
    No. 12-22172-Civ-COOKE/TORRES, 2015 U.S. Dist. LEXIS 143846 (S.D. Fla. June 11, 2015)  16

*Shame on You Prods. v. Banks*,
    No. CV 14-03512-MMM (JCx), 2016 U.S. Dist. LEXIS 195690 (C.D. Cal. Aug. 14, 2016)  ........ 19

*Shell v. Henderson*,
    Civil Action No. 09-cv-00309-MSK-KMT, 2013 U.S. Dist. LEXIS 129005 (D. Colo. Sept. 10,
    2013) ..................................................................................................................................... 12

*Shor v. Storm Tight Windows, Inc.*,
    No. 19-62784-CIV-CAN, 2021 U.S. Dist. LEXIS 243231 (S.D. Fla. Dec. 21, 2021) .................. 17

*Stross v. Realty*,
    No. 1:20-cv-01071-RP, 2021 U.S. Dist. LEXIS 129922 (W.D. Tex. July 13, 2021) ....................... 2

*Thompson v. Pharm. Corp. of Am., Inc.*,
    334 F.3d 1242 (11th Cir. 2003) ................................................................................................. 20

*Tomelleri v. Natale*,
    No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022) .................. 11, 12, 15

*Touzout v. Am. Best Car Rental KF Corp.*,
    NO. 15-61767-CIV-MATTHEWMAN, 2017 U.S. Dist. LEXIS 196848 (S.D. Fla. Nov. 30, 2017)
    ................................................................................................................................................ 16

*Trs. of Phila. Baptist Ass'n v. Hart's Ex'rs*,
    17 U.S. (4 Wheat.) 1 (1819) ....................................................................................................... 4

*Universal Health Servs. v. United States*,
    136 S. Ct. 1989 (2016) ............................................................................................................... 5

*Viva Video, Inc. v. Cabrera*,
    9 F. App'x 77 (2d Cir. 2001) ..................................................................................................... 5

## Statutes

17 U.S.C. § 504 ............................................................................................................................ 4
17 U.S.C. § 505 ................................................................................................................... *passim*
28 U.S.C. § 1920 ......................................................................................................................... 17
Fla. Stat. § 14.10 ........................................................................................................................ 13
Fla. Stat. § 475.42 ...................................................................................................................... 13

## Rules

Fed. R. Civ. P. 1 ......................................................................................................................... 16
Fed. R. Civ. P. 7.3 ........................................................................................................... 16, 17, 18
Fed. R. Civ. P. 8 ...................................................................................................................... 9, 18
Fla. L.R. 7. .................................................................................................................................. 16

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## I.     INTRODUCTION

WCR's motion for an award of attorneys' fees in the amount of $35,790.00[1] as compensation for filing a motion to dismiss and sending several letters demanding dismissal should be denied for several reasons.

*First*, AAP complied with WCR's demands and voluntarily dismissed the litigation with prejudice before the statute of limitations ran at WCR's request after AAP settled with WCR's agent and co-defendant Joris C. Reyes. WCR's counsel first requested the dismissal by letter dated September 16, 2022. (DE 29-5). One month later, after the parties further discussed the issues and after reviewing WCR's motion to dismiss filed on October 14, 2022, AAP volunteered its dismissal and made it with prejudice. (DE 23). WCR asked for a dismissal and, after assessing the facts in a reasonable amount of time, AAP gave WCR the dismissal it requested, and went a step further and made it with prejudice.

Awarding fees under these facts would contravene *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) which require the Court to give "substantial weight" to the reasonableness of the non-prevailing party's litigating position. Awarding fees to a defendant who received the benefit of a with-prejudice dismissal before the running of the statute of limitations where the case never advanced further than the earliest pleading stages, where the plaintiff's claims were meritorious and not motivated by bad faith, and where AAP's position -- that the WCR as the broker should be responsible for the infringement of its statutory agent Reyes -- was reasonable, would violate the letter and spirit of *Kirtsaeng* and *Fogerty*.

*Second*, awarding fees to a prevailing defendant in this procedural posture would contravene the limited exception to the American Rule contained in § 505 of the Copyright Act and change it from a discretionary fee statute under which a district court "***may*** . . . award a reasonable attorney's fee to the prevailing party," 17 U.S.C. § 505, into a mandatory fee shifting statute under which the loser automatically pays the winner regardless of the facts. Before the Supreme Court decided *Kirtsaeng,* district courts were ignoring the dictates of *Fogerty* and automatically awarding fees to prevailing defendants. When it decided *Kirtsaeng,* the Supreme Court emphasized that 17 U.S.C. § 505 makes fees discretionary not mandatory, and that in making fee awards district courts must heed the requirements of *Fogerty* and consider "frivolousness, motivation, objective unreasonableness(,) and the need in particular

---

[1] WCR claims 87.50 hours of attorney time (Lockton Decl. ¶¶ 40-41, Ex. A19), but the record reflects a single substantive motion filed by WCR, the motion to dismiss filed at DE 22 on October 17, 2022.

circumstances to advance considerations of compensation and deterrence" *Fogerty, Fogerty*, 510 U.S. at 533-34, with "substantial weight" placed "on objective reasonableness." *Kirtsaeng,* 579 U.S. at 199-200.

*Third,* awarding fees to WCR would reward defendants like WCR who unreasonably run up fees unnecessarily in defense of meritorious cases. WCR's position was that its client, a real estate broker, was not vicariously liable for copyright infringement committed by its statutory agent, a real estate agent who copied and displayed AAP's photographs on a multiple listing system (MLS) in connection with the real estate agent's listing of property for sale where WCR was the listing broker, a textbook set of facts for vicarious copyright infringement claims. *See, e.g.,* A*ffordable Aerial Photography, Inc. v. Illustrated Props. Real Estate,* No. 9:16-cv-80109-Dimitrouleas/Snow, 2016 U.S. Dist. LEXIS 58366 (S.D. Fla. May 3, 2016); *Stross v. Realty*, No. 1:20-cv-01071-RP, 2021 U.S. Dist. LEXIS 129922 (W.D. Tex. July 13, 2021).

*Finally*, awarding WCR the exorbitant fees claimed here – exceeding the $30,000 maximum non-willful statutory damage amount recoverable by a plaintiff like AAP that is also many times the average licensing fee of $1,150.00 AAP has previously charged for photographs similar to the image in question – is simply unjustified. Awarding inflated fees would encourage defendants to drive up litigation costs and waste judicial resources in reasonable cases for the sole purpose of recovering fees. That is not the exercise of reasonable discretion in a case that never advanced beyond the making of a motion to dismiss where the defendant already received the assurance of never being burdened with this litigation again by a with prejudice dismissal.

For these reasons, and the others set forth below including that the fees sought by WCR are not reasonable, the motion should be denied or, if granted, the fees awarded should be limited to those incurred for filing the motion to dismiss, but should not include "fees on fees" or any further fees beyond the initial motion that was mooted by AAP's dismissal.

## II.     RELEVANT FACTS

1.      On August 12, 2022, AAP filed its complaint against WCR and another defendant, Joris C. Reyes ("Reyes"), alleging WCR and Reyes obtained AAP's copyrighted photograph (the "Work"), copied, and distributed it without AAP's permission to promote a property listing on the internet. (DE 1, ¶¶ 6-7, 23-27, 29).

2.      The complaint alleged that WCR, as Reyes' broker, was liable for infringement by Reyes because a Florida real estate broker is liable for the torts of its agents. (DE 1 ¶¶  8-9).

3.      On September 20, 2022, Reyes filed her *pro se* Answer and Affirmative Defenses. (DE 10). In it, Reyes admitted she obtained the photo from the internet and used it in connection

with the defendants' real estate listing. (DE 10 ¶¶ 6, 25, 27, 35).

4.      On September 29, 2022, AAP and Reyes reached a settlement. (DE 12; Nieves Decl. ¶ 12). On October 7, 2022, AAP voluntarily dismissed the claims against Reyes. (DE 14).

5.      On September 23, 2022, WCR filed a motion to dismiss, claiming AAP had failed to sufficiently allege a claim for vicarious liability against it, and failed to sufficiently allege direct infringement by Reyes. (DE 11).

6.      On October 11, 2022, AAP filed its First Amended Complaint (FAC), alleging Reyes, without AAP's permission, had obtained AAP's copyrighted Work, copied, and distributed it in connection with WCR's real estate listing posted on multiple listing services and in the course and scope of WCR's professional real estate business. (DE 18).

7.      On October 14, 2022, WCR filed its Motion to Dismiss the FAC, asserting the exact same arguments as in their previous Motion to Dismiss. (DE 22).

8.      On October 18, 2022, AAP filed a Notice of Voluntary Dismissal with prejudice. (DE 23). On October 20, 2022, pursuant to AAP's voluntary dismissal of WCR, the Court closed the case. (DE 25). On the same day, WCR informed AAP of its intention to seek its legal fees, which were approximately $17,000. (Nieves Decl. ¶ 16; DE 29-008).

9.      On November 17, 2022, WCR served on AAP with its draft fee motion, seeking $26,165.00 in fees. (DE 29-009). On November 30, 2022, WCR filed an agreed motion for an extension of time for WCR to file a motion for attorney's fees and costs, (DE 27), which the Court granted on December 3, 2022. (DE 28).

10.     Between December 7, 2022, and December 13, 2022, counsel for AAP and WCR met and conferred on WCR's motion by telephone and email. (Nieves Decl. ¶ 18). AAP cited relevant caselaw to support its arguments by phone and by email. (Nieves Decl. ¶ 19).  AAP provided a detailed analysis of its objections to WCR's fees in writing. (Nieves Decl. ¶ 20).

11.     After detailed discussions on the merits of the case, the reasonableness of AAP's claims, and the unreasonableness of WCR's hours leading up to its dismissal and then spent pursuing its ever-rising fees, AAP made two separate offers to settle: one for $5,000 on December 9, and another for $7,462.50 on December 13, 2022. (Nieves Decl. ¶ 21).

12.     WCR made a second demand higher of $29,985.00 for its full fees on December 9, 2022. (Nieves Decl. ¶ 22). WCR never offered to compromise on any issue or fee. WCR only made increasing demands for full compensation. (Nieves Decl. ¶ 23).

13.     WCR filed its Motion for Attorney Fees on December 23, 2022, seeking an award of $35,790.00 in attorney's fees. (DE 29; Lockton Decl. ¶¶ 40-41). By its own account, WCR

has spent $18,250.00 in fees since its dismissal from the action. (Nieves Decl. ¶ 25; DE 29).

14.     AAP's standard licensing fee for an image similar to the Work is $1,150.00. (Nieves Decl. ¶ 27). Had the litigation moved forward, AAP would have sought its lost licensing fee and WCR's profits if any, or a statutory damages award of between $750 and $30,000 for non-willful infringement under 17 U.S. 17 U.S.C. § 504(a).

## III.     ARGUMENT: WC REALTY SHOULD NOT BE AWARDED ITS ATTORNEYS FEES AND COSTS FROM THIS ACTION

### A.     Awarding WC Realty's Fees Would Contravene the *Kirtsaeng* and *Fogerty* Decisions

Under the Copyright Act, 17 U.S.C. § 505, fees "are to be awarded to prevailing parties only as a matter of the court's discretion," may not be awarded as "a matter of course," and any award of fees requires particularized, case-by-case assessment that considers several non-exclusive factors including "frivolousness, motivation, objective unreasonableness(,) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty, Fogerty*, 510 U.S. at 533-34. District courts should place "substantial weight on objective reasonableness" as a factor.  *Kirtsaeng II.*, 136 S. Ct. 1988, 1988-89 (?YEAR?).

When AAP complied with WCR's repeated demands for an early dismissal, WCR received the benefit of a with-prejudice dismissal before the case could advance beyond than the earliest pleading stages. But awarding WCR's attorney's fees is not supported by *Kirtsaeng II* and *Fogerty*. Each factor articulated by the Supreme Court in those cases separately and independently supports a denial of WCR's motion.

### 1.     AAP's Case Was Not Frivolous

AAP's claims were not frivolous. The standard for frivolousness is higher than the standard for objective unreasonableness. *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 U.S. Dist. LEXIS 44170 (N.D. Cal. Mar. 31, 2016).  "The United States Supreme Court has established that a frivolous claim is one in which the factual contention is 'clearly baseless,' such as factual claims that are 'fantastic or delusional scenarios.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, NO. C 04-00371 JW, 2005 U.S. Dist. LEXIS 48013, at *12 (N.D. Cal. Aug. 12, 2005), quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989).

AAP's complaint set forth a prima facie case of copyright infringement by alleging (1) ownership of a valid copyright, and (2) actionable copying by the defendant.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  AAP's case was not "without merit" or "patently frivolous." *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 382 n.23 (5th Cir. 2004).

AAP holds a valid copyright registration for the Work. AAP alleged WCR's agent copied and distributed AAP's copyrighted Work in furtherance of WCR's real estate brokerage business. AAP alleged that WCR had a direct financial interest in the infringing activity. AAP alleged WCR was therefore vicariously liable for the direct infringement of AAP's copyright committed by WCR's agent. There is nothing baseless, fantastical, or delusional about AAP's claims.

### 2. AAP's Claim Was Objectively Reasonable

#### a. The vicarious liability claim was legally and factually sound.

The objective reasonableness of AAP's litigating position is given substantial weight. *See Universal Health Servs. v. United States*, 136 S. Ct. 1989, 1989 (2016). "Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001). "In determining the objective reasonableness of the party's position at the time it advanced the argument, the Court should consider whether its position was patently without merit or otherwise clearly lacking a legal or factual basis." *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, No. 8:08-cv-1227-T-30EAJ, 2011 U.S. Dist. LEXIS 141246, at *6-7 (M.D. Fla. Dec. 7, 2011).

AAP's claim for vicarious liability against WCR was objectively reasonable, and the legal and factual bases for AAP's claims were always meritorious and supported by fact. "The elements of vicarious liability are: (1) the right and ability to supervise, and (2) a direct financial interest in the profits from the infringing activity." *Affordable Aerial Photography, Inc.*, 2016 U.S. Dist. LEXIS 58366, at *7.

AAP never issued a license to Reyes or WCR for the Work. The Work suddenly appeared on websites including the website at www.realtor.com, which republishes property listings from MLS. A screenshot of the website as it appeared on May 20, 2021 was attached to the original complaint. (DE 1, Ex. 2). MLS listings are created and controlled by realtors on behalf of real estate agencies. (Nieves Decl. ¶ 6). The listing agent for the aforementioned property listing was defendant Reyes, a real estate associate and agent of WCR. (Nieves Decl. ¶ 7).

AAP therefore alleged that Reyes had obtained the Work from the internet or other property listings and copied it without AAP's permission in connection with one or more multiple listing services. As Reyes's broker, WCR had the duty to supervise Reyes' actions, including the copying and distribution of AAP's Work for advertising its real estate listings. As a result of the unauthorized use of the Work, WCR obtained direct and indirect profits it would otherwise not have realized but for the infringement. WCR was thus liable for the infringement

by Reyes because a Florida real estate broker is liable for the torts of its agents.

AAP's vicarious liability claim was objectively reasonable and legally sound. *See Affordable Aerial Photography, Inc.*, 2016 U.S. Dist. LEXIS 58366, at *7 (finding plaintiff AAP's claim that a real estate broker was vicariously liable for its agent's infringing activity sufficiently pled at the motion to dismiss stage). WCR relies on *Myeress v. Heidenry*, CASE NO.: 1:19-cv-21568-RAR, 2019 U.S. Dist. LEXIS 205631, at *6 (S.D. Fla. Nov. 25, 2019) to support its claim. In *Myeress*, the plaintiff alleged the defendant MDLV, a real estate brokerage firm, was vicariously liable for the infringement of the plaintiff's copyright by an associate of the firm. *Myeress*, 2019 U.S. Dist. LEXIS 205631, at *1. The court found that the complaint failed to sufficiently allege MDLV's ability to control the associate's activities, in part because the infringement occurred on the associate's own website—which had no connection to MDLV – rather than on MDLV's or on real estate listings under the "banner" of MDLV. *Myeress*, 2019 U.S. Dist. LEXIS 205631.

This is not the case here. The Work appeared on third-party websites because it had been added to the property listing in the MLS system by WCR's agent. A request on those websites for further information on the property would have connected the viewer to Reyes on behalf of WCR. Furthermore, AAP attached to its FAC evidence of the Work as it appeared on the Century 21 website, clearly showing the listing under the banner of WCR. (DE 18-002).

WCR also relies on *Myeress* to contend that AAP failed to allege that WCR directly profited from Reyes's infringement. The court in *Myeress* found insufficient the plaintiff's allegations that MDLV had profited from the direct infringement of its associate. *Myeress*, 2019 U.S. Dist. LEXIS 205631, at *23. But *Myeress* is distinguishable. The court noted that MDLV's associate had used Myeress' copyrighted photograph on the associate's own website which did not mention MDLV, and only discussed generally the Miami real estate market. *Myeress*, 2019 U.S. Dist. LEXIS 205631. The court also noted the complaint had failed to allege that the photograph was displayed in a listing of a specific property or that it was connected to any real estate transaction from which MDLV derived any profit. *Myeress*, 2019 U.S. Dist. LEXIS 205631

Here, Reyes uploaded AAP's Work to the MLS, not to her own personal website, and not to discuss a city's market conditions generally. The FAC alleged that Reyes copied and distributed AAP's copyrighted Work in connection with a real estate listing posted on one or more multiple listing services, for purposes of advertising and promoting real estate listings in the course and scope of her professional real estate businesses, "and in the course and scope of

rendering professional real estate services as associates and brokers." The FAC further alleged that Reyes uploaded the Work to one or more Florida multiple listing services "to promote the sale of a residential property, as evidenced by the documents attached hereto . . . ." (*Myeress*, 2019 U.S. Dist. LEXIS 205631). The exhibits attached to the FAC depict the listing of a specific property and show the Work was used in connection with that listing.

AAP submits that its claim was sufficiently pled, and that *Illustrated Props. Real Estate*, which WCR fails to address in its Motion, is analogous and instructive. In *Illustrated Props. Real Estate*, where defendant brokerage firm Illustrated Properties Real Estate, Inc. ("Illustrated") was represented by WCR's counsel, plaintiff AAP alleged that real estate agents, on behalf of Illustrated, had copied AAP's copyrighted photographs from prior real estate listings and uploaded them to multiple listing services to promote the sale of certain properties. *Affordable Aerial Photography, Inc.*, 2016 U.S. Dist. LEXIS 58366, at *2. The court found that the allegations together with the exhibits suggested the agents used AAP's works "to sell real estate online under the banner of Illustrated as their real estate broker," and thus AAP's vicarious liability claim against Illustrated was sufficiently pled. *Affordable Aerial Photography, Inc.*, 2016 U.S. Dist. LEXIS 58366.

AAP's allegations against WCR are identical in this case, as such they were sufficient to plead a vicarious liability claim against WCR. AAP's position was factually and legally grounded at all times.

> **b. The evidence AAP attached to the Amended Complaint, which WC Realty accuses AAP of "withholding," supports the objective reasonableness of AAP's claim.**

WCR makes much ado about the Residential Full Report on the subject property listing containing the Work that AAP attached as Exhibit 2b to the FAC. (DE 18-002 at 5-19). The report supports AAP's contention that WCR is vicariously liable for the infringement of the Work. According to WCR, however, this report exonerates both Reyes and WCR from all liability because it somehow proves that the infringement could not be attributed to either party. (Motion at 18). WCR sets forth several erroneous arguments in support.

**First**, WCR argues the report is not from a website owned or controlled by WCR or Reyes. (Motion at 18). This is nonsensical. Property listings on the MLS system are managed by licensed real estate agents on behalf of their real estate broker firms. The agents create the listings and manage the information on each property. Agents also add and remove photographs that are displayed with the listings.

Here, the report identifies Defendants Reyes and WCR as the listing agents as of the date

of the report, which is March 8, 2020. (Nieves Decl. Ex. 2 at 2, 3). The report identifies Reyes as the last person to make a change to the listing, which was a price change on 1/16/2020. The report shows Reyes created the listing on 9/27/2019, and purportedly added 38 photographs to the listing. (*Affordable Aerial Photography, Inc.*, 2016 U.S. Dist. LEXIS 58366). Furthermore, WCR's own Property and Listing History (DE 11-1, Ex. A) confirms Reyes's activity, and shows that WCR representative Timothy L. Watts removed 41 photographs and changed one primary photo on May 24, 2021. There is simply no doubt that Reyes and WCR controlled the content of the MLS property listing containing AAP's copyrighted Work.

**Second**, WCR argues the report does not show who uploaded the Work to the listing because the Work's title name as it appears at the end of the report, "15500 46th Wellington," does not appear among the file names of the photographs Reyes added to the listing on September 28, 2019. (WCR Motion at 19). This argument defies common sense, because the title name of a photograph is not the same as the photograph's file name. Here, of the 42 photographs shown in the report, there are a total of 14 photographs whose titles do not appear in the list of photographs added by Reyes. (Nieves Decl. Ex. 2 at 10-16).[2]

By the same token, it would seem that many of the file names added by Reyes fail to match any of the titles of the 42 photographs associated with the listing. In fact, the report does not appear to show the complete file names for each photograph, given that many of the names are repeated and seemingly all file names were cut off once they reached 16 characters. (Nieves Decl. Ex. 2 at 4-5).

Rather than exonerate Reyes, it is far more likely that AAP's Work was one of the 38 photographs added by Reyes, but the *file name* of the Work is not the same as the *title* in the report. This is information that would have been uncovered during the discovery phase had the litigation moved forward.

**Third**, WCR argues that the report demonstrates that some images were uploaded by a third-party realtor because there are 42 photographs listed in the report but only 38 photographs were seemingly uploaded by Reyes. (Motion at 18-19). As shown in WCR's Property and Listing History (DE 11-1, Ex. A), between the earliest listing of the property on October 28, 2003 and May 24, 2021 when WCR removed 41 photographs associated with the listing, no other individual or entity added photos to the listing. The obvious conclusion is that there is information missing in the report generated by the MLS with respect to at least three of the 42

---

[2] For the Court's convenience, AAP has highlighted the 14 titles and numbered them accordingly in Exhibit 2 attached to the Nieves Declaration.

photographs, information that can be obtained through discovery. WCR however, would have the Court believe that this is proof that someone other than WCR uploaded those three photographs, that AAP's Work was one of the three photographs, and therefore there is no evidence to support AAP's claim against WCR.

WCR is also wrong in its assertion that AAP intentionally withheld the report, in bad faith, when it filed its complaint. (Motion at 19). This contention is baseless as it would mean AAP was required to disclose the report when it filed its action. A plaintiff is not required to produce evidence in filing a complaint. *Affordable Aerial Photography, Inc.*, 2016 U.S. Dist. LEXIS 58366, at *9 (noting that a plaintiff is not required at the motion to dismiss stage to produce evidentiary support). AAP was only required to state a claim for relief that contained a short and plain statement of the claim showing that the AAP is entitled to relief, and a demand for the relief sought. *See* Fed. R. Civ. P. 8(a).

AAP attached a screenshot of the unauthorized use of the Work on a third-party website, www.Realtor.com, which republished the listing information in the MLS that was under WCR's control. AAP was under no obligation to also attach to its complaint the full 19-page property listing report. In addition, the idea that AAP was intentionally withholding evidence that undermined its factual allegations is illogical given that MLS reports are available to WCR, who likely generates and uses them in its regular course of business.

None of WCR's arguments hold water. The Residential Full Report on the subject property that AAP attached to its FAC provided a factual basis for AAP to file its action. There is no reasonable basis for WCR to contend that the report is somehow a "smoking gun" that AAP intentionally withheld when it filed its complaint. AAP's copyright infringement action against WCR was, at all times, objectively reasonable both factually and legally.

### 3. AAP Brought This Case with Proper Motivation

"'A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation.'" *Frost-Tsuji Architects v. Highway Inn, Inc.*, CIVIL NO. 13-00496 SOM/BMK, 2015 U.S. Dist. LEXIS 127213 (D. Haw. Sept. 23, 2015), quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973). A reasonable, objective assessment of AAP's conduct in this case leads to the conclusion that AAP was not motivated by bad faith or improper purposes. AAP was, and continues to be, motivated by proper purposes.

"It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case against one whom the copyright holder believes in good faith to have infringed the copyright." *Luken v. Int'l Yacht Council, Ltd.*, 581 F.

Supp. 2d 1226, 1245 (S.D. Fla. 2008). By contrast, "'(b)ad faith litigation conduct includes initiating a lawsuit for the purposes of harassment (or for another improper motive), obstructing discovery, disobeying court orders, failing to adequately research the law and facts, and otherwise pursuing litigation in an improper and unprofessional manner.'" *Olem Shoe Corp. v. Wash. Shoe Co.*, CASE NO. 09-23494-CIV-HUCK, 2015 U.S. Dist. LEXIS 186041, at *51-52 (S.D. Fla. Oct. 5, 2015) (quoting *Olem Shoe Corp. v. Wash. Shoe Co.*, No. CASE NO. 09-23494-CIV-HUCK, 2011 U.S. Dist. LEXIS 141246, at *14-5 (S.D. Fla. Oct. 5, 2015)).

AAP was not motivated by bad faith. As discussed above, the "deficiencies" in AAP's claim that WCR asserts it had identified to AAP's counsel were not deficiencies at all.

WCR notes the number of lawsuits AAP has brought to enforce its rights. (Motion at 18; DE 29-019). WCR asserts, without providing any detail, that AAP recklessly pursued many of those cases "without an evidentiary basis to support its claims and presented legally frivolous arguments to prolong the matters." (Motion at 18).

AAP has engaged in litigation to enforce its rights as a copyright holder after attempts to reach resolution with the infringer fail. WCR seems to assert that filing lawsuits to enforce its rights, or settling lawsuits as opposed to fully litigating to jury trials is detrimental. Protecting AAP's works is a proper motivation for bringing a suit for copyright infringement.

### 4. An Award for Compensation or Deterrence Would Undermine the Purposes of the Copyright Act

#### a. Section 505 is meant to help courts demarcate the boundaries of copyright law.

The Copyright Act attempts to strike a balance between the two competing goals of encouraging and rewarding authors' creations while also enabling others to build on that work. See *Kirtsaeng II* at 1986. "(D)efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty, Fogerty*, 510 U.S. at 527. The explicitly stated purpose of this provision is because "it is peculiarly important that the law's boundaries be demarcated as clearly as possible. Thus, a defendant seeking to advance meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims." *Fogerty*, 510 U.S. at 527

This factor is inextricably intertwined with the other three. *See, e.g., Malibu Media, L.L.C. v. Pelizzo,* 604 F. App'x 879, 881 (11th Cir. 2015) (in affirming the district court's denial of fees to the prevailing party under 17 U.S.C. § 505 the court held that "(a)s for considerations of compensation and deterrence, we evaluate those factors as "inextricably intertwined" with the

reasonableness and frivolity of Malibu's claims. If Malibu's claims were properly brought and properly maintained, then they properly served the purposes of the Copyright Act").

Here, the copyright claims raised by AAP were nonfrivolous, objectively reasonable, and not motivated by improper purposes. WCR's arguments in its motion to dismiss that AAP had failed to adequately allege a vicarious liability claim against WCR or a direct infringement claim against Reyes (DE 22) are not arguments that presented this Court with an opportunity to decide on any unique or unsettled issue of law. As such, an award of attorney's fees here would not serve to demarcate the boundaries of copyright law, but would instead serve to discourage copyright holders from enforcing their rights in similar cases where there has been a good faith basis for a claim of copyright infringement.

> **b. WC Realty is not a "prevailing party" for purposes of Section 505 because its "success" is purely technical, and because the statute of limitations had not run.**

Awarding fees to WCR would also contravene the purpose of granting awards to prevailing parties under 17 U.S.C. § 505. Courts have defined the "prevailing party" in a copyright infringement case to be the party "succeeding on a significant litigated issue that achieves some of the benefits sought by that party sought in bringing suit." *Cable/Home Commun. Corp. v. Network Prods.*, 902 F.2d 829, 853 (11th Cir. 1990). However, "[a] party's success on a claim that is purely technical or de minimis does not qualify him as a prevailing party." *Cable/Home Commun. Corp.*, 902 F.2d at 853 (citations and quotations omitted). The district court has broad discretion "to determine whether a party is the prevailing party and whether the amount of fees is reasonable." *Olem Shoe Corp. v. Wash. Shoe Corp.*, No. 09-23494-CIV-HUCK/OTAZO-REYES, 2017 U.S. Dist. LEXIS 66710, at *6-7 (S.D. Fla. May 1, 2017) (quoting *Olem Shoe Corp. v. Wash. Shoe Corp.*, 127 F. Supp. 3d 66710, 1296 (S.D. Fla. 2017)).

In the instant case, the Court had not yet ruled on WCR's pending motion to dismiss the AAP's Amended Complaint. When AAP voluntarily dismissed WCR, WCR became the "prevailing party" by operation, not because it successfully litigated any signification issue.

WCR claims that the three-year statute of limitations (SOL) had run on AAP's claim when it dismissed WCR on October 18, 2022, and that this cemented WCR's status as the prevailing party for purposes of seeking attorney's fees. *See Tomelleri v. Natale*, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893, at *5 (S.D. Fla. Feb. 18, 2022) (noting that a party becomes a prevailing party when its dismissal "has the effect of precluding a party from refiling his claim due to the running of the statute of limitations").

WCR argues the SOL began to run on the date Reyes added AAP's image to the property

Case 9:22-cv-81256-DMM   Document 38   Entered on FLSD Docket 01/24/2023   Page 17 of 25

listing, September 28, 2019. This would mean the claim would accrue on the date of injury as opposed to the date of discovery of the infringement, an argument WCR's counsel has made and lost before as it goes against longstanding precedent in the Eleventh Circuit courts.

In *Tomelleri*, where WCR was counsel for the defendant, the court noted the defendant's unavailing argument that the proper standard was the "injury standard," which contradicted longstanding precedent in the Southern District of Florida and was unsupported by any copyright caselaw. *Tomelleri*, 2022 U.S. Dist. LEXIS 65893, at *6. The Eleventh Circuit has also held that a copyright infringement claim accrues "when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1236 (11th Cir. 2002).

Here, the earliest possible discovery date would be the date of the report AAP attached to the FAC, March 8, 2020, setting the SOL date to March 8, 2023. Unlike in *Tomelleri* where dismissal occurred after the SOL had run, AAP's dismissal of WCR on October 18, 2022 was well withing the three-year SOL. WCR was therefore not owed status as the prevailing party.

AAP's voluntary dismissal of WCR early in the litigation was not on the merits of the case, nor was it after the statute of limitations had run. WCR did not prevail on the issues of copyright validity or infringement. WCR became the "prevailing party" by operation, and chose to exploit a textual interpretation of 17 U.S.C. § 505 to seek reimbursement of its attorney's fees and costs.

**B.     Awarding WC Realty Its Fees Would Make § 505 a Mandatory Fee Shifting Statute**

The Copyright Act makes awards under 17 U.S.C. § 505 discretionary rather than mandatory. *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 880 (2019). Congress provided "a statutory basis for the award of attorney's fees in claims brought under the Copyright Act, leaving such an award to the Court's discretion." *Shell v. Henderson*, Civil Action No. 09-cv-00309-MSK-KMT, 2013 U.S. Dist. LEXIS 129005, at *12 (D. Colo. Sept. 10, 2013).

The *Fogerty* court reviewed the legislative history behind 17 U.S.C. § 505 and noted Congress' clear intent to allow courts to determine when it is appropriate to award attorney's fees and costs to the prevailing party. *Fogerty, Fogerty*, 510 U.S. at 524 n.11. To determine such an award, a court must consider the different goals of the Copyright Act, one of which is to encourage litigation of meritorious claims of copyright infringement. *Fogerty*, 510 U.S. at 525. Fogerty set forth factors the court must weigh in its determination. *Fogerty*, 510 U.S. at 525 at 533-34

WC Realty argues that as the prevailing party, it is entitled to recover its fees and costs.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

This is inconsistent with *Fogerty* as well as with *Kirtsaeng II*, which held that in deciding whether to award fees under 17 U.S.C. § 505, "[n]o matter which side wins a case, the court must assess whether the other side's position was (un)reasonable." *Kirtsaeng II,* 136 S. Ct. at 1988. "Fee awards are a double-edged sword: They increase the reward for a victory—but also enhance the penalty for a defeat." *Kirtsaeng* at 1982. Whether WCR should be awarded and AAP punished, and to what extent, must be carefully weighed by this Court in accordance with established precedent and the clear purposes of 17 U.S.C. § 505.

## C.     WCR Should Not Be Rewarded for Unreasonably Running up Its Fees Pre-dismissal

As discussed above, AAP's claim against WCR was not only reasonable and meritorious, vicarious liability claims are common in copyright infringement cases involving real estate agents who obtain photographs and use them without authorization to promote a listing for a property on a multiple listing service. In Florida, a person licensed as a real estate sales associate may not operate as such without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(a)-(b). Vicarious infringement occurs when a defendant profits directly from the infringement and has a duty and ability to supervise the infringer's actions. *Klein & Heuchan, Inc.*, 2011 U.S. Dist. LEXIS 141246 (citing *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005)) (finding real estate broker can be held liable for its agent's infringement provided both "right and ability" and "direct profit" prongs are satisfied).

WCR's counsel is not only familiar with these types of claims, they have defended against them previously using the same arguments and defenses. They seek an amount in fees that is unjustified and the Court should not reward this behavior. 17 U.S.C. § 505 does not authorize an award of all attorneys' fees, but only of a "reasonable" attorneys' fee.

> It has been said that such an award should be made sparingly and in a modest amount, and it has been held that a "reasonable attorney's fee" under the Copyright Act is an amount less than the fee that would be proper between client and attorney. Moreover, the amount of such fee (as distinguished from the reason for its award as discussed below) should be based on the reasonable value of the services rendered, without adding any additional amount by way of penalty.

5-14 Nimmer on Copyright Fla. Stat. § 14.10.  "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

WCR seeks compensation for 79.6 hours expended by attorney Andrew D. Lockton and 7.9 hours expended by attorney Edward F. McHale, at hourly rates of $400 and $500,

respectively. (Lockton Decl. ¶¶ 40-41). To establish the rates as reasonable, WCR points to declarations filed in the district in other cases, and a letter WCR's counsel received in another case wherein AAP's counsel does not object to their rates. (Motion at 8-9). WCR, however, does not address the reasonableness of the time spent litigating the case up to its dismissal, much less weigh the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine an appropriate award of fees.[3]

### 1. The number of hours WCR's attorneys expended is excessive.

WCR's counsel seeks to recover its fees for 87.50 hours spent on this case, which was dismissed just two months after it was filed. Of these hours, 47.15 hours were expended up and until October 18, 2022, the day of dismissal, totaling $17,540.00 in fees. Exhibit 1 to the Nieves Declaration is a spreadsheet with the breakdown of the hours, rates, and tasks as provided to AAP by WCR's counsel. Several line items stand out as an unreasonable amount of time for the task undertaken and AAP has marked as such. For example, on August 24, 2022, Mr. Lockton bills 30 minutes for "drafting letter to SRIP law re: extension of time." This letter is comprised of just one paragraph requesting an additional 21 days to respond to the complaint filed. It should not take any attorney more than ten minutes to draft this letter. On September 1, 2022, Mr. McHale logged .3 hour to file the motion for extension of time. This is not only an excessive amount of time for the filing of such a document, it is administrative and does not require to be undertaken by a senior partner at the law firm like Mr. McHale.

Other examples of unreasonable fees include billing .75 hour on 10/5/22 for a meeting with WCR representative Tim Watts to discuss the settlement co-defendant Reyes reached with AAP. WCR did not represent Reyes and did not participate in Reyes' settlement. There was simply no reason to spend almost an hour discussing the fact that Reyes settled with WCR, especially after having discussed the case with Mr. Watts for almost a half hour the previous day. Mr. Lockton and Mr. McHale also billed separately for tasks only requiring one lawyer, such as the scheduling conference held on 10/18/22.

WCR's time spent drafting its motion to dismiss on 9/14, 9/15, 9/20, 9/21, 9/22, and 9/23

---

[3] The *Johnson* factors are (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d 714 *Johnson* continues to apply to fee in the Eleventh Circuit pursuant to *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). *See Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1195 n.8 (11th Cir. 2019).

is also overbilled, at a total of 21.60 hours. This time is excessive given that by its own account, WCR has dealt with the exact same copyright claims and issues in the past, including in separate cases against AAP in this district. In *Affordable Aerial Photography v. Property Matters USA, LLC et al.*, No. 2:22-cv-14296AMC (S.D. Fla.), WCR makes the same "infringement accrues upon injury" argument that it argues in this action. (DE 29-021 at 2-4). Prior to *Property Matters USA*, WCR had made **the exact same argument** in *Tomelleri*, 2022 U.S. Dist. LEXIS 65893.

In *Illustrated Props. Real Estate*, WCR's counsel makes **the exact same argument** about AAP's vicarious liability claim against Illustrated that it makes here. Accordingly, having previously fully briefed, researched, and drafted these issues in several analogous cases, WCR would have spent no more than 10 hours drafting its motion to dismiss in this case.

WCR continued its overbilling for the motion to dismiss the FAC, billing a total of 9.40 hours on 10/12 and 10/13. The FAC made substantively the same allegations as the original complaint, and WCR's arguments about the complaint's purported deficiencies were substantially the same. AAP submits that no more than 4 hours were spent editing the original motion to dismiss to create the motion to dismiss the FAC. WCR should not recover any billing where it was able to reuse arguments and legal authority. *See Prof'l Plaza Condo. Ass'n v. Landmark Infrastructure Holding Co.*, No. 20-20707-CIV-COOKE/GOODMAN, 2022 U.S. Dist. LEXIS 106800, at *42-43 (S.D. Fla. June 14, 2022) (finding excessive the amount of time defendant billed for two replies, 13.70 hours and 11.60 hours, due to the overlap between the legal arguments and legal authorities).

AAP finds that the $17,540.00 in fees WCR seeks for the time defending the case up to dismissal is excessive, and only $6,215.00 is reasonable once time is adjusted for redundant and unnecessary fees. This is reasonable considering the relevant Johnson factors, namely the time, labor, and skill required for each task, the fact the issues are far from novel or difficult, the lack of any notable time limitations imposed on WCR by exigent circumstances, and the fact that copyright cases are common practice for WCR.

## D.    Awarding WC Realty the Amount It Seeks Is Unjustified and Promotes Unnecessary Litigation

WCR is seeking a total of $35,790 in fees. This is a staggering amount compared to a standard licensing fee of $1,150.00 for the type of image at issue. Even more staggering is the fact that less than half of the amount WCR is seeks was incurred prior to dismissal. If WCR recovers its inflated fees, it will encourage other defendants to artificially run up the costs of litigation and intentionally waste judicial resources regardless of the reasonableness and the

merits of the claims.

17 U.S.C. § 505 fees were established against the backdrop of the American rule where parties are required to bear their own attorney's fees unless congress provides otherwise. *Fogerty, Fogerty*, 510 U.S. at 519. A deviation from this would contravene the intent of 17 U.S.C. § 505.

**E.     Even if WC Realty Is Entitled to Seek Attorney's Fees and Costs, It Should Not Be Awarded the Fees It Seeks**

**1.     WC Realty Has Not Complied with Local Rule 7.3(b) Because It Has Not Made Any Good Faith Attempt to Settle Attorney's Fees and Costs Issues**

Courts have repeatedly held that "[t]he purpose of Local Fed. R. Civ. P. 7.3(b) is to conserve judicial resources." *Prof'l Plaza Condo. Ass'n*, 2022 U.S. Dist. LEXIS 106800, at *30. "Fed. R. Civ. P. 1 states that the Federal Rules 'should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding.' (emphasis added). This includes pleadings and motions." *Johnson v. ARS Nat'l Servs.*, No. 11-80967-CV-Hurley/Hopkins, 2012 U.S. Dist. LEXIS 202029, at *16 (S.D. Fla. June 11, 2012).

Courts in this district have stated that parties are expected to make good faith attempts to settle attorney's fees and costs issues outside of the court. *See Rosa-Nales v. Carnival Corp.*, No. 12-22172-Civ-COOKE/TORRES, 2015 U.S. Dist. LEXIS 143846, at *8 (S.D. Fla. June 11, 2015) ("Local Rule 7.3 attempts to minimize litigation costs by providing a mechanism to "assist parties in resolving attorney's fee and costs disputes by agreement." S.D. Fla. L.R. 7.3(a). Specifically, Local Rule 7.3 requires both parties to attempt to settle attorney's fees and costs issues in good faith outside of court, mandates the clear submission of the movant's fees and rates, and orders the responding party to "describe with reasonable particularity" each entry to which it objects."); *Touzout v. Am. Best Car Rental KF Corp.*, NO. 15-61767-CIV-MATTHEWMAN, 2017 U.S. Dist. LEXIS 196848, at *13 (S.D. Fla. Nov. 30, 2017) ("Local Rule 7.3 requires that a motion for attorney's fees shall not be filed until a good faith effort to resolve the motion has been completed.").

AAP's counsel met and conferred with WCR's counsel on its motion. AAP's short and concise arguments were met with long letters in response. AAP's offers to settle only received rejections. WCR never made any attempt to negotiate a settlement or discuss their fees, except to demand full payment. Rather than make any counteroffer to potentially resolve the matter, WCR pushed on, and its fees ballooned to the point where the fees incurred in the preparation and filing of their motion now far exceed the fees incurred up to their dismissal. WCR's counsel should not be rewarded for this.

### 2. AAP Complied with Local Rule 7.3(b) and Objected Accordingly

Local Rule 7.3(b) provides:

**Good Faith Effort to Resolve Issues by Agreement.** Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

Although compliance with the provisions in Rule 7.3 is required, courts frequently decline to enforce them strictly, especially when the parties have engaged in the process before and up to the filing of the motion for fees, and when they have substantially complied. *See, e.g.,* S*hor v. Storm Tight Windows, Inc.,* No. 19-62784-CIV-CAN, 2021 U.S. Dist. LEXIS 243231, at *4 (S.D. Fla. Dec. 21, 2021) (noting that although failure to comply with Rule 7.3 can be fatal to a fees motion, "such harsh medicine is not always administered"); *Johnson v. ARS Nat'l Servs., Inc.*, No. 11-80967-CV-Hurley/Hopkins, 2012 U.S. Dist. LEXIS 202029, at *15-16 (S.D. Fla. June 11, 2012) (defendant's failure to strictly comply with Rule 7.3 was mitigated in part by the fact that the defendant tried several times to resolve the fees issue without receiving a response from the plaintiff); *Gatearm Techs. v. Access Masters*, No. 14-62697-CIV-SCOLA/OTAZO-REYES, 2021 U.S. Dist. LEXIS 129700, at *7-8 (S.D. Fla. July 12, 2021) (finding that despite not timely filing their motion for fees and not keeping detailed time records, the defendants still complied with the "letter and spirit" of Rule 7.3 because they met and conferred with the plaintiff and there was no prejudice to the other side).

#### a) The parties met and conferred over WC Realty's motion for attorney's fees.

Counsel for AAP and WCR held a telephonic meeting on December 7, 2022 to discuss WCR's motion for attorney's fees. The discussion covered the history of the case, the merits of the claims and defenses, the conversations in the lead up to the dismissal of WCR from the case, and arguments including caselaw to support each side's corresponding positions on WCR's entitlement to its attorney's fees and "fees on fees." The parties subsequently exchanged emails between December 7, 2022 and December 13, 2022 to further discuss points, arguments, legal authority, and fees. In the Certificate of Conference in its Motion, WCR corroborates that the

parties conferred by telephone, letter, and emails.

      **b) AAP complied with the requirement to provide a response in writing and with reasonable particularity.**

      AAP provided its objections, including arguments and legal support, orally during the telephonic meet and confer on December 7, 2022, and also via multiple emails to WCR's counsel. On December 12, 2022, AAP emailed WCR regarding WCR's fees incurred, noting that they were high for attorney Andrew Lockton's credentials and experience. (DE 29-015). AAP cited *Common Cause Ga. v. Secretary*, 17 F.4th 102 (11th Cir. 2021) in support of its position.[4] AAP also attached decisions in four separate cases concerning hourly rates. (Nieves Decl., Ex. 19). Furthermore, AAP attached a detailed spreadsheet containing WCR's billing fees as listed in its Transaction Report, with line-by-line objections to certain fees and time expended, with explanations as to why they are unreasonable and therefore unrecoverable. (Nieves Decl., Ex. 20). Having already objected orally to WCR's entitlement to recovery of "fees on fees," AAP reiterated its objections in writing in the email.

      On December 13, 2022, in response to an email from WCR implying that AAP had not yet provided its objections to WCR's motion for fees, AAP cited to the *Gatearm Techs.* case to support its contention that it had sufficiently complied with the requirements of Rule 7.3. In *Gatearm Techs.*, the defendants failed to comply with the Rule when they served on the plaintiff a motion for fees and costs inside of the required 30 days prior to filing, and failed to keep meticulous and contemporaneous time records. 2021 U.S. Dist. LEXIS 129700, at *7. The court, however, found that the defendants' noncompliance with Rule 7.3 was not fatal to their entitlement to fees because they had made concerted efforts to meet and confer with the plaintiff, participated in a detailed meet and confer, and there was no prejudice to the plaintiff. *Id.* at *7-8.

      Here, pursuant to Rule 7.3(b), AAP in good faith discussed – and objected to – WCR's entitlement to and the amount of fees and expenses. AAP described in writing and with reasonable particularity the specific time entries it objected to, both as to issues of entitlement and as to amount, and provided supporting legal authority. Thus, AAP complied with the requirements of the rule.

      **To be clear, none of WCR's fees should be compensable given the aforementioned reasons.** However, in the event that this Court determines that WCR's attorneys' fees set forth

---

[4] AAP's counsel inadvertently cited the *Common Cause* case, but the case counsel was actually referring to was *Gatearm Techs.*, No. 14-62697-CIV-SCOLA/OTAZO-REYES, 2021 U.S. Dist. LEXIS 129700, at *11, which was attached to the email to WCR's counsel.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

in its motion are compensable, they should be reduced to only the fees recoverable and for the reasons set forth below.

**F.      WC Realty's Request for "Fees on Fees" Should Be Denied**

WCR seeks its fees for filing and pursuing its motion for attorneys' fees. AAP objects to $18,250[5] in fees that WCR seeks on this basis. WCR's request for fees on fees should be denied. Section 505 does not authorize an award of fees on fees. See *Shame on You Prods. v. Banks*, No. CV 14-03512-MMM (JCx), 2016 U.S. Dist. LEXIS 195690, at *56 (C.D.  Cal. Aug.  14, 2016) ("(i)t is not clear that fees on fees are available under § 505"). Awarding fees on fees is inconsistent with the purposes behind § 505 and the Copyright Act.

For support, WCR relies on *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010) which did not involve a copyright claim and *Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-cv-61376, 2015 U.S. Dist. LEXIS 189341 (S.D. Fla. July 22, 2015), the only case in this district that appears to have considered the issue. The court there granted the request for fees on fees based upon a review of non-copyright cases decided in the Eleventh Circuit where fees on fees have been awarded. AAP submits that non-copyright cases should not control where the important policies underlying § 505 are at issue.

Moreover, *Prof'l LED Lighting* is distinguishable here. In that case, the parties seeking to recover its fees (referred to as the "Aadyn Parties") were forced to litigate parallel actions filed in this district and in the Northern District of Illinois. *Prof'l LED Lighting, Ltd.*, No. 14-cv-61376, 2015 U.S. Dist. LEXIS 189341, at *2. After the transfer of the NDIL case and its consolidation with the case in this district, the Aadyn Parties filed a motion to dismiss several counts including one for copyright infringement, which the court partially granted, finding that the defendant lacked standing to bring the claim of infringement against the Aadyn Parties. *Prof'l LED Lighting, Ltd.*, No. 14-cv-61376, 2015 U.S. Dist. LEXIS 189341, at *4. The Aadyn Parties sought $31,848.55 in fees, which included $8,633.55 incurred in connection with their motion for Fees. *Id.* at *2, 11.

Unlike WCR, the Aadyn Parties were the prevailing party under § 505 because the court granted their motion to dismiss on the copyright infringement claim. *Id.* at *5. Unlike the instant action, the Aadyn Parties were able to demonstrate that their counterpart lacked standing to raise the copyright infringement claim in the first place. *Id.* at *4.

Even in holding that the Aadyn Parties were entitled to "fees on fees," the court still

---

[5] AAP calculates this amount by subtracting WCR's litigation fees up to dismissal on 10/18/22 of $17,540 from the total amount WCR is seeking of $35,790.00.

analyzed the reasonableness of the fee request. Finding excessive and duplicative hours in the billing, including counsel spending more than 30 hours combined briefing the motion, the court adjusted the award down from $8,633.55 ($4,540.50 for the initial motion and $4,093.05 for the reply brief) to $4,145 in attorney's fees for litigating the fee award. *Id.* at *23-24.

Here, WCR seeks $18,250 in fees for 40.70 hours it has spent solely pursuing its purported $17,540.00 in litigation fees. This is exactly what the Eleventh Circuit in *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242 (11th Cir. 2003) was addressing when it concluded that lawyers should not be compensated for turning a litigation about attorney's fees into a "second major litigation." *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d at 1245.

WCR's fees on fees request should be denied as inconsistent with the purposes of § 505. If this Court determines that WCR is a prevailing party as envisioned by § 505, and that § 505 is meant to allow a party to recoup the fees it incurs in its attempt, then the Court should analyze the reasonableness of those fees and adjust accordingly.

## IV.    CONCLUSION

WC Realty's Motion for Attorney's Fees under 17 U.S.C. § 505 should be denied. In the alternative, any fees found to be unreasonable should be reduced accordingly.

Dated:  January 24, 2023                    Respectfully submitted,


/s/Angela M. Nieves
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com
JOEL B.  ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
CRAIG A.  WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com


**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Affordable Aerial Photography, Inc.*