**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:22-cv-81256-DMM**

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

                  Plaintiff,

v.

WC REALTY GROUP, INC. DBA CENTURY 21
WC REALTY

                  Defendants.
                                                                /

**DEFENDANT'S MOTION TO RECONSIDER THE COURT'S ORDER (DE 42)
DENYING AN AWARD OF PREVAILING PARTY ATTRONEYS' FEES**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

THE ORDER AND ANALYSIS ................................................................................................. 2

LEGAL STANDARD .................................................................................................................. 2

ARGUMENTS .............................................................................................................................. 4

I.  RECONSIDERATION SHOULD BE GRANTED TO ADDRESS WCR'S FEE MOTION BASED ON THE REQUIRED ANALYSIS FOR EXERCISING DISCRETION UNDER § 505, AS ARTICULATED BY THE SUPREME COURT IN *KIRTSAENG* AND *FOGERTY* ............................................................................. 4

   A.  The Denial of Fees Placed Improper Weight on Whether the Court Found a Lack of Merit *When Dismissing* the Action, Instead of Analyzing the Objective Unreasonableness of AAP's Position When WCR's Fee Motion Was Filed .......... 4

   B.  The Denial of Fees Placed Improper Weight on Whether the Court Found a Lack of Merit When Dismissing the Action, Even Though an Award of Fees Under § 505 Does Not Require a Finding That the Case Lacked Merit ............................... 6

   C.  The Denial of Fees is Error Because It Did Not Consider All of the Relevant Factors Articulated by the Supreme Court in *Fogerty* and *Kirtsaeng* ................................. 7

   D.  Denying Fees to WCR in This Case Improperly Treats WCR, as the Prevailing Defendant, Differently Than Similarly Situated Prevailing Plaintiffs and Therefore Constitutes Clear Error ............................................................................................... 9

   E.  Denying Fees to WCR in This Case is Clear Error Because it *Discourages* Defendants From Litigating Meritorious Defenses While *Encouraging* the Filing of Unreasonable Infringement Claims ................................................................... 11

II. RECONSIDERATION SHOULD BE GRANTED BECAUSE THE DENIAL OF FEES TO WCR DOES NOT PROVIDE FOR MEANINGFUL APPELLATE REVIEW AND THEREFORE CONSTITUTES CLEAR ERROR AND A MANIFEST INJUSTICE .......................................................................... 13

CONCLUSION .......................................................................................................................... 15

LOCAL RULE 7.3 CERTIFICATION .................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affordable Aerial Photography, Inc. v. Villa Valentina Realty LLC*
  No. 17-81307-CV-MIDDLEBROOKS/BRANNON, 2018 U.S. Dist. LEXIS 236961 (S.D. Fla. June 7, 2018).................................................................................................................10

*Alrudy Music v. 21 Sweet Thing*
  No. 06-81084-CIV-MIDDLEBROOKS/JOHNSON, 2011 U.S. Dist. LEXIS 162960 (S.D. Fla. Dec. 5, 2011)..................................................................................................................11

*Arista Records, Inv. v. Bekeer Enters., Inc.*
  298 F. Supp. 2d 1310 (S.D. Fla. 2003) ......................................................................................10

*Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*
  447 F.3d 1370 (11th Cir. 2006) ...................................................................................................3

*Broadwater v. United States*
  292 F.3d 1302 (11th Cir. 2002) .................................................................................................13

*Cable/Home Comm. Corp. v. Network Prods. Inc.*
  902 F.2d 829 (11th Cir. 1990) ................................................................................................5, 6

*Clay v. Equifax, Inc.*
  762 F.2d 952 (11th Cir. 1985) ...................................................................................................13

*Corson v. Gregory Charles Interiors, LLC*
  2020 U.S. Dist. LEXIS 142932 (S.D. Fla. Aug. 7, 2020).........................................................10

*Danley v. Allen*
  480 F.3d 1090 (11th Cir. 2007) ...........................................................................................13, 14

*Donald Frederick Evans & Assocs. v. Continental Homes, Inc.*
  785 F.2d 897 (11th Cir. 1986) .....................................................................................................7

*Flight Attendants v. Zipes*
  491 U.S. 754 (1989)......................................................................................................................1

*Fogerty v. Fantasy, Inc.*
  510 U.S. 517 (1993)...........................................................................................................4, 8, 11

*Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*
  678 F.3d 1199 (11th Cir. 2012) ...................................................................................................3

**Cases (cont.)**

*Griggs v. Kenworth of Montgomery, Inc.*
  775 Fed. Appx. 608 (11th Cir. 2019) ............................................................................. 14

*Hall v. Holder*
  117 F.3d 1222 (11th Cir. 1997)) .................................................................................... 14

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*
  579 U.S. 93 (2016) ............................................................................................................ 1

*In re Ford Motor Co.*
  345 F.3d 1315 (11th Cir. 2003) ..................................................................................... 13

*Kirtsaeng v. John Wiley & Sons, Inc.*
  579 U.S. 197 (2016) ............................................................................................. *passim*

*Mackin v. City of Boston*
  969 F.2d 1273 (1st Cir. 1992) .......................................................................................... 3

*Martin v. Franklin Capital Corp.*
  546 U.S. 132 (2005) .......................................................................................................... 1

*Michael Linet, Inc. v. Village of Wellington, Fla.*
  408 F.3d 757 (11th Cir. 2005) ......................................................................................... 3

*MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*
  198 F.3d 840 (11th Cir. 2010) ..................................................................................... 6, 7

*Montgomery v. Noga*
  168 F.3d 1282 (11th Cir. 1999) ....................................................................................... 7

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*
  684 F.2d 821 (11th Cir. 1982) ..................................................................................... 5, 6

*Prepared Food Photos, Inc. v. Fat Daddy Co.*
  No. 22-61671-CIV-SINGHALL, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) ... 11

*Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC*
  No. 21-82129-CV-MIDDLEBROOKS/Matthewman, 2022 U.S. Dist. LEXIS 205649 (S.D. Fla. Mar. 22, 2022) .................................................................................................. 10

*Serra Chevrolet, Inc. v. General Motors Corp.*
  446 F.3d 1137 (11th Cir. 2006) ..................................................................................... 13

**Cases (cont.)**

*Sherry Mfg. Co. v. Towel King of Fla., Inc.*
  822 F.2d 1031 (11th Cir. 1987) ...................................................................................6, 7

*Sussman v. Salem, Saxon & Nielson, P.A.*
  153 F.R.D. 689 (M.D. Fla. 1994)........................................................................................3

*United States v. Burr*
  25 F. Cas. 30 (CC Va. 1807)..............................................................................................1

*Williams v. Cruise Ships Catering & Serv. Int'l*
  320 F. Supp. 1347 (S.D. Fla. 2004) ...................................................................................3

**U.S. Codes**

17 U.S.C. § 505................................................................................................... *passim*

28 U.S.C. § 2255...............................................................................................................13

**Rules**

Fed. R. Civ. P.
  54(a) ...................................................................................................................................2
  59(b)...................................................................................................................................2
  59(e) ...............................................................................................................................1, 2
  60(b)...............................................................................................................................1, 2

**MEMORANDUM OF LAW**

Defendant WC Realty Group, Inc. d/b/a Century 21 WC Realty ("WCR") respectfully moves under Rules 59(e) and/or 60(b) for the Court to reconsider and vacate its Order, DE 42, which denied WCR's motion for prevailing party attorneys' fees and costs (DE 29). In its Order, the Court acknowledged that WCR moved to dismiss the original complaint; that following WCR's first motion to dismiss, Plaintiff Affordable Aerial Photography, Inc. ("AAP") filed an Amended Complaint; that WCR then moved to dismiss the Amended Complaint; and that that case was then voluntarily dismissed with prejudice after WCR's second motion to dismiss (DE 22) was filed. (DE 42 at 1).

While the decision of whether to grant or deny an award of fees pursuant to § 505 of the Copyright Act is provided to a court's discretion, that discretion is not boundless. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203-04 (2016) (collecting cases). "In addressing other open-ended fee-shifting statutes, th[e] Court has emphasized that 'in a system of laws discretion is rarely without limits.'" *Id.* at 203 (quoting *Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989)); *see also Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 103 (2016) (quoting same). "Without governing standards or principles, such provisions threaten to condone judicial 'whim' or predilection." *Kirtsaeng*, 579 U.S. at 203 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005); *accord Martin*, 546 U.S. at 139 ("[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.") (quoting *United States v. Burr*, 25 F. Cas. 30, 35 (CC Va. 1807) (Marshall, C.J.)).

In denying WCR's fee motion, the Court placed improper weight on whether the merits were determined *when dismissing* AAP's Amended Complaint and did not address the necessary factors for an award under 17 U.S.C. § 505. *See infra*, Sections I.A-C. Further, the denial improperly treats WCR, as a prevailing defendant, differently than a similarly situated prevailing

1

plaintiff, *see infra*, Section I.D, and it *encourages* the filing of unreasonable lawsuits while *discouraging* defendants from standing on their rights, contrary to the purposes of § 505 of the Copyright Act, *see infra*, Section I.E.  Finally, the denial of WCR's fee motion does not provide a sufficient basis for meaningful appellate review of the analysis and decision.  *See infra*, Section II.  The Court should therefore grant this Motion and reconsider WCR's fee motion (DE 29).

## THE ORDER AND ANALYSIS

On April 7, 2023, the Court entered an Order denying WCR's motion for attorneys' fees.  DE 42.  The Order addressed the timeline of the case, as reflected by the docket filings, consisting of the complaint (DE 1); co-Defendant Reyes' answer (DE 10); AAP's settlement with Reyes (DE 12); WCR's first motion to dismiss (DE 11); the Amended Complaint (DE 18); WCR's second motion to dismiss (DE 22); and AAP's voluntary dismissal of WCR (DE 23).  (DE 42 at 1).  The Order then stated the Court's reasoning for denying WCR's fee motion as:

> Now Defendant WC Realty claims to be entitled to prevailing party attorney's fees. (DE 29).  I have carefully considered the written submission of the Parties, the record, and applicable law.  This case ended with the filing of a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint.  (DE 23).  In support of its request for fees, Defendant points to deficiencies in the allegations and suggests that Plaintiff knew its allegations lacked factual support.  (DE 29 at 14-15).  But in dismissing the case I made no determination as to the validity of the Amended Complaint.  The fee litigation has surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal.  An award of fees here would not advance the purposes of Section 505 of the Copyright Act.

DE 42 at 1-2.

## LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to reconsider or alter a judgment may be filed within twenty-eight (28) days after the entry of the judgment.  Fed. R. Civ. P. 54(a), 59(e).  Reconsideration is appropriate when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact or prevent

a manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006). Similarly, a motion may be brought under Rule 60(b), for relief from a final order on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; . . . or (4) any other reason that justifies relief."

A motion to reconsider should not be used as a vehicle "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Rather, the motion "must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." *Williams v. Cruise Ships Catering & Serv. Int'l*, 320 F. Supp. 1347, 1358 (S.D. Fla. 2004) (quoting *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). While such motions are reviewed on appeal for abuse of discretion, and are thus entitled to substantial discretion, "[a] district court abuses its discretion when a 'relevant factor deserving a significant weight is overlooked, when an improper factor deserving of significant weight is overlooked, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales.'" *Ibid.* (quoting *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992)); *see also Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012) (the Eleventh Circuit will find an abuse of discretion "when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review.")

## ARGUMENTS

**I. RECONSIDERATION SHOULD BE GRANTED TO ADDRESS WCR'S FEE MOTION BASED ON THE REQUIRED ANALYSIS FOR EXERCISING DISCRETION UNDER § 505, AS ARTICULATED BY THE SUPREME COURT IN *KIRTSAENG* AND *FOGERTY*.**

In denying WCR's motion for attorneys' fees (DE 29), the Order addressed only: (1) that the voluntary dismissal with prejudice came less than two months after the case was filed and only days after WCR's motion to dismiss the Amended Complaint; (2) that the Court did not make any determination as to the validity of the Amended Complaint in dismissing the case; and (3) that the fee litigation had surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal. DE 42 at 1-2. But the denial did not consider the objective unreasonableness of the complaint and Amended Complaint, the frivolousness of the factual allegations and legal assertions, AAP's motivation in filing this suit, or the need to advance considerations of compensation and deterrence. *Compare ibid. with Kirtsaeng*, 579 U.S. at 202-05 (articulating the factors for determinations under § 505).

While prevailing party attorneys' fee awards under § 505 are discretionary, such discretion is not without bounds, and the exercise of discretion must consider all relevant factors articulated by the Court in *Kirtsaeng* and *Fogerty*. *Kirtsaeng*, 579 U.S. at 202-05; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-35 and n.19 (1993). The denial of prevailing party attorneys' fees to WCR is error because it did not consider all of the necessary factors for such an award and placed improper weight on whether the Court had decided the frivolousness of AAP's position when dismissing the case instead of when WCR filed its fee motion. DE 42. Further, it impermissibly treated WCR, as a prevailing defendant, differently than a similar situated prevailing plaintiff, and the denial is contrary to the purposes of § 505 because it serves to *encourage* the filing of unreasonable lawsuits while simultaneously *discouraging* defendants from standing on their rights. *Kirtsaeng*, 579 U.S. at 202-05.

4

> **A.     The Denial of Fees Placed Improper Weight on Whether the Court Found a Lack of Merit *When Dismissing* the Action, Instead of Analyzing the Objective Unreasonableness of AAP's Position When WCR's Fee Motion Was Filed.**

The denial of WCR's fee motion constitutes error because improper weight was placed on whether the Court decided the merits of the case *when dismissing* AAP's Amended Complaint, and the lack of a finding that the Amended Complaint was meritless *when dismissing* AAP's Amended Complaint.  *See* DE 42 at 1-2.  But a fee award under § 505 of the Copyright Act does not require a determination on the merits of the case to have been made prior to the action being dismissed.  *See* DE 42 at 1-2.  Instead, when exercising discretion under § 505, the Court must consider the objective reasonableness of the losing party's claim, "[b]ut the court must also give due consideration to all other circumstances relevant to granting fees."  *Kirtsaeng*, 579 U.S. at 199-200.  And based on such analysis, fee awards can be proper "even when the losing party advanced a reasonable claim or defense."  *Id.* at 200.  As the Eleventh Circuit has explained, "[i]n this circuit, a showing of bad faith or frivolity is not a precondition to awarding attorneys' fees" under § 505.  *Cable/Home Comm. Corp. v. Network Prods. Inc.*, 902 F.2d 829, 853 (11th Cir. 1990) (citing *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982)) (internal citation removed).

Here, the denial of WCR's fee motion improperly focused on whether a "determination as to the validity of the Amended Complaint" had been made *before* WCR made its fee motion.  DE 42 at 2.  The denial did not consider the validity of AAP's complaint and Amended Complaint based on the arguments and evidence presented in WCR's fee motion.  *See ibid.*  While a judicial determination of the (un)reasonableness and/or frivolousness of the infringement claims or defenses is necessarily considered in deciding a § 505 motion, it is not required that such a determination is made prior to dismissing a pleading, and it is not required that the claims or defenses be found to be (un)reasonable and/or frivolous to award fees.  *Kirtsaeng*, 579 U.S. at 200,

5

202, 205, 208. Moreover, AAP prevented the Court from considering the merits at that stage, conceding that the Amended Complaint lacked merit by dismissing the case with prejudice in response to WCR's motion to dismiss. *See infra*, Section I.D; *see also* DE 29 at 14-16; DE 41 at 3-4.

By focusing on whether such a determination was made *before* WCR moved for fees, the denial constitutes clear error and a manifest injustice. As such, reconsideration should be granted to address WCR's fee motion based on the factors articulated by the Court in *Kirtsaeng*.

> **B.    The Denial of Fees Placed Improper Weight on Whether the Court Found a Lack of Merit When Dismissing the Action, Even Though an Award of Fees Under § 505 Does Not Require a Finding That the Case Lacked Merit.**

The denial of WCR's fee motion constitutes error because improper weight was placed on the validity of AAP's Amended Complaint and whether AAP "knew its allegations lacked factual support," i.e., on AAP's *subjective* unreasonableness in filing the Amended Complaint. DE 42 at 1-2. Not only does a fee award not require the Court to have determined that AAP subjectively "knew its allegations lacked factual support" when dismissing the case, a fee award does not even require the case to be filed with subjective knowledge that the claims lack support. *See Kirtsaeng*, 579 U.S. at 205.

As the Eleventh Circuit has explained "[i]n this circuit, a showing of bad faith or frivolity is not a precondition to awarding attorneys' fees." *Cable/Home Comm.*, 902 F.2d at 853 (citing *Original Appalachian*, 684 F.2d at 832) (internal citation removed); *accord MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 2010) ("Here, the magistrate judge was correct in noting that MiTek's good faith in bringing its suit was not determinative of the issue of attorney's fees.") (citing *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987) and *Original Appalachian*, 684 F.3d at 832). The Eleventh Circuit has "applied this same rule to the award of attorney's fees to a prevailing defendant," holding that "[a] prevailing

6

defendant need not, as a precondition to the award of fees, establish that the plaintiff was acting in bad faith or had brough a frivolous suit." *Sherry Mfg.*, 822 F.2d at 1034 (citing *Donald Frederick Evans & Assocs. v. Continental Homes, Inc.*, 785 F.2d 897, 916 (11th Cir. 1986)). A "losing plaintiff's good faith" is merely a factor which can be considered, particularly in light of § 505's intention to encourage litigation of meritorious—albeit unsuccessful—claims and defenses. *See ibid.*; *see also Kirtsaeng*, 579 U.S. at 200, 202.

In *Kirtsaeng*, the Court explained that substantial weight should be given to the "objective reasonableness of the losing party's position," but made clear that this factor was **not** a controlling factor. 579 U.S. at 199-200, 202-05. Rather, the exercise of discretion under § 505 requires a court to consider all relevant factors. *Id.* at 202-05.

Here, the denial of WCR's fee motion improperly focused on whether a determination of the validity of the Amended Complaint had been made in dismissing the case. DE 42 at 2. This was error; the consideration of WCR's fee motion needed to consider all relevant factors. Accordingly, reconsideration should be granted and upon reconsideration, WCR's fee motion should be granted.

      **C.**    **The Denial of Fees is Error Because It Did Not Consider All of the Relevant Factors Articulated by the Supreme Court in *Fogerty* and *Kirtsaeng*.**

The denial of WCR's fee motion constitutes error because it did not weigh the relevant factors and did not analyze the necessary factors for deciding a fee motion under § 505, as expressed by the Supreme Court in *Fogerty* and *Kirtsaeng*. *Compare* DE 42 at 1-2 *with Kirtsaeng*, 579 U.S. at 202-05. "In reviewing a district court's decision to grant or deny fees under the Copyright Act, [the Eleventh Circuit] first determine[s] whether 'the district court weighed the relevant evidence and exercised its discretion.'" *MiTek Holdings*, 198 F.3d at 842 (quoting *Montgomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999)) (footnote omitted). In *Fogerty*, the

7

Court "noted with approval 'several nonexclusive factors' to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 534 n.19).

In *Kirtsaeng*, the Court expanded upon *Fogerty*, explaining that the objective reasonableness/unreasonableness of the losing party's position should be given substantial weight in a court's analysis—"[b]ut the court must also give due consideration to all other circumstances relevant to granting fees." *Id.* at 200, 205. The Court explained that giving substantial weight to the objective reasonableness/unreasonableness of the losing party's position "both encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation. When a litigant—whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end." *Id.* at 205.

Here, the denial of WCR's fee motion did not address the *Fogerty* factors of "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 534 n.19). The denial did not consider whether it was treating WCR, as prevailing defendant, differently than a similarly situated prevailing plaintiff. *See infra*, Section I.D; *see also Kirtsaeng*, 579 U.S. at 202 (prevailing defendants cannot be treated differently than prevailing plaintiffs). The denial did not consider that denying fees to WCR *discourages* defendants who are clearly correct from standing on their rights and defending suits, while simultaneously *encouraging* the filing of frivolous lawsuits, as plaintiffs will know that an early dismissal is always possible if a defendant does not pay a quick settlement. *See infra*, Section I.E; *see also*

8

*Kirtsaeng*, 579 U.S. at 205 (purposes of a § 505 award include to *encourage* defendants to stand on their rights and to *discourage* the filing of objectively unreasonable lawsuits).

Because the denial of WCR's fee motion did not consider all of the relevant factors for an award of fees under § 505, the denial constitutes clear error and a manifest injustice. Reconsideration should therefore be granted, and upon reconsideration, the Court should grant WCR's fee motion.

### D. Denying Fees to WCR in This Case Improperly Treats WCR, as the Prevailing Defendant, Differently Than Similarly Situated Prevailing Plaintiffs and Therefore Constitutes Clear Error.

Denying WCR its prevailing party attorneys' fees in this case—where AAP failed to oppose any of WCR's arguments for dismissal—is clear error because it treats WCR, as a prevailing Defendant, differently than similarly situated prevailing plaintiffs are treated. The Supreme Court has been explicit in its instructions that even though § 505 "eschews any 'precise rule or formula' for awarding fees," there at least two (2) restrictions on fee awards, including that "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 527, 534). By denying WCR its prevailing party attorneys' fees, WCR is being treated differently than a similarly situated plaintiff, which violates the restrictions placed on the discretion afforded under § 505. *See ibid.*

After AAP filed this action, WCR filed a first motion to dismiss addressing the legal and factual deficiencies in the complaint. AAP did not oppose that motion; instead, AAP filed a First Amended Complaint, which corrected one technical deficiency with the original pleading, but maintained claims based on the legal and factual deficiencies addressed in WCR's first motion. WCR then moved to dismiss the First Amended Complaint, addressing the legal and factual

9

deficiencies in AAP's pleading, highlighting that AAP's own evidence contradicted its factual allegations and legal conclusions.  AAP did not oppose that second motion; instead, it dismissed the action with prejudice after reassessing its evidence and conceding that the case lacked merit.

WCR twice argued that AAP's pleadings lacked a factual basis and were not supported as a matter of law, arguments confirmed by AAP's evidence, and AAP failed to oppose or respond to those motions on the merits.  The closest analogy for a prevailing plaintiff is when a plaintiff prevails because the defendant does not respond to a complaint and a default is entered.  Like with a default, WCR was forced to prepare motions, plural, to dismiss and AAP failed to oppose.

Courts in this district regularly award attorneys' fees to prevailing *plaintiffs* on default judgments—including to AAP itself—where the defendant did not oppose or respond to the allegations in the complaint.  *See, e.g.*, *Affordable Aerial Photography, Inc. v. Villa Valentina Realty LLC*, No. 17-81307-CV-MIDDLEBROOKS/BRANNON, 2018 U.S. Dist. LEXIS 236961, *7-8, 15-16 (S.D. Fla. June 7, 2018) (granting prevailing party attorneys fees to copyright plaintiff because "the fact of [defendant's] default and the well-pled facts alleged in the Complaint, admitted by [defendant's] default, establish that [defendant's] infringement of Plaintiff's work was willful and deliberate," and  "[i]n view of the nature of [defendant's] infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorneys' fees to Plaintiff is appropriate."); *Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC*, No. 21-82129-CV-MIDDLEBROOKS/Matthewman, 2022 U.S. Dist. LEXIS 205649, *8 n.2 (S.D. Fla. Mar. 22, 2022) ("Courts in this district also infer willful infringement from a defendant's default.") (citing *Arista Records, Inv. v. Bekeer Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) and *Corson v. Gregory Charles Interiors, LLC*, 2020 U.S. Dist. LEXIS 142932, *6-7 (S.D. Fla. Aug. 7, 2020)); *Id.* at *15-16 ("In view of the

willful nature of Defendant's infringement and failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full attorney's fees to Plaintiff is appropriate."); *Prepared Food Photos, Inc. v. Fat Daddy Co.*, No. 22-61671-CIV-SINGHALL, 2022 U.S. Dist. LEXIS 216004, *20 (S.D. Fla. Nov. 29, 2022) ("In view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate."); *Alrudy Music v. 21 Sweet Thing*, No. 06-81084-CIV-MIDDLEBROOKS/JOHNSON, 2011 U.S. Dist. LEXIS 162960, *1-, 5-7 (S.D. Fla. Dec. 5, 2011) (having granted fees to the plaintiff on a default judgment, awarding additional attorney's fees to the plaintiff for the work required to address the defendant's motion to set aside the default judgment, including for lack of personal jurisdiction based on improper service).

By denying WCR's fee motion, WCR, as a prevailing *defendant* is being treated differently than a similarly situated prevailing plaintiff. This unequal treatment is an abuse of the discretion afforded under § 505 of the Copyright Act. *Kirtsaeng*, 579 U.S. at 202 ("a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.") (quoting *Fogerty*, 510 U.S. at 527).

Accordingly, reconsideration should be granted and upon reconsideration, WCR should be awarded its prevailing party attorneys fees just as a prevailing plaintiff would if a default judgement had been entered.

    **E.    Denying Fees to WCR in This Case is Clear Error Because it *Discourages* Defendants From Litigating Meritorious Defenses While *Encouraging* the Filing of Unreasonable Infringement Claims.**

Denying WCR its prevailing party attorneys' fees in this case discourages defendants from "stand[ing] on their rights," while simultaneously encouraging plaintiffs to file objectively

11

unreasonable infringement claims in attempt to force quick settlements; this is contrary to the law and purposes of the Copyright Act's fee-shifting statute. *See Kirtsaeng*, 579 U.S. at 205. In *Kirtsaeng*, the Court explained that giving substantial weight to the objective reasonableness/unreasonableness of the losing party's position "both encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation. When a litigant—whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end." *Id.* at 205. "The holder of a copyright that has been infringed has good reason to bring and maintain a suit even if the damages at stake are small; and likewise, a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that the attorney's fees in a protracted suit might be as or more costly than a settlement." *Ibid.*

> The Court explained further:
>
> **Conversely, when a person (again, whether plaintiff or defendant) has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action**. The copyright holder with no reasonable infringement claim has good reason to not bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment); and the infringer with no reasonable defense has every reason to give in quickly, before each side's litigation costs mount. All of those promote the Copyright Act's purposes, by enhancing the probability that both creators and users (i.e., potential plaintiffs and defendants) will enjoy the substantive rights the statute provides.

*Ibid.* (emphasis added).

Here, however, denying WCR's fee motion is antithetical to the analysis in *Kirtsaeng*. It incentivizes the filing of unreasonable infringement claims because a copyright holder will know it can file unreasonable infringement claims, attempt to force a quick settlement, but abandon the claim without recourse if met with any resistance. Simultaneously, it discourages defendants from standing on their rights and defending themselves because filing a motion to dismiss costs

12

money—more money than the nuisance value plaintiffs like AAP seek in these cases. Some of the purposes behind granting fee awards is to *prevent* the filing of such unreasonable claims and to encourage defendants in such circumstances to stand on their rights and defend, knowing they can recover the fees for doing so. *Kirtsaeng*, 579 U.S. at 205. Giving plaintiffs the ability to abandon claims if a defendant defends rather than paying a quick settlement only serves to encourage the filing of unreasonable claims, and therefore is antithetical to the purposes of § 505. *See ibid.*

## II. RECONSIDERATION SHOULD BE GRANTED BECAUSE THE DENIAL OF FEES TO WCR DOES NOT PROVIDE FOR MEANINGFUL APPELLATE REVIEW AND THEREFORE CONSTITUTES CLEAR ERROR AND A MANIFEST INJUSTICE.

This Court should also reconsider its denial of WCR's fee motion because the summary nature of the denial does not provide for meaningful appellate review by the Eleventh Circuit. "Many times, and in many contexts, [the Eleventh Circuit] has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide [it] with an opportunity to engage in meaningful appellate review." *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007) (citing *Clay v. Equifax, Inc.*, 762 F.2d 952, 957-58 (11th Cir. 1985) (collecting cases in which the Supreme Court and Eleventh Circuit have "urged the district court to state the reason for its decision and the underlying predicate"); *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151 (11th Cir. 2006) (in imposing sanctions, the district court must clearly state its reasons so that meaningful review may be had on appeal); *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) (granting petition for writ of mandamus where the district court "provided no substantive explanation" for its discovery ruling); *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (in view of the size of the record and number of allegations, summary denial of 28 U.S.C. § 2255 motion was inappropriate)).

The Eleventh Circuit has explained that "[w]hen reviewing summary orders, [it] may 'undertake [its] own plenary inquiry into the" issues on appeal if 'the record is complete and provides an adequate basis for' appellate review." *Griggs v. Kenworth of Montgomery, Inc.*, 775 Fed. Appx. 608, 612 (11th Cir. 2019) (quoting *Hall v. Holder*, 117 F.3d 1222, 1226 (11th Cir. 1997)). "But where summary denials 'wholly fail to provide [the Eleventh Circuit] with an opportunity to conduct meaningful appellate review,' [it] will not relieve the district court of its responsibility to decide even purely legal questions in the first instance," and instead, it "will vacate and remand for the district court to enter a reasoned order that will allow for meaningful appellate review." *Griggs*, 775 Fed. Appx. at 612 (quoting *Danley*, 480 F.2d at 1092).

Here, the Court's Order analyzes WCR's motion without sufficient explanation or analysis to provide for meaningful appellate review, stating only:

> Now Defendant WC Realty claims to be entitled to prevailing party attorney's fees. (DE 29). I have carefully considered the written submission of the Parties, the record, and applicable law. This case ended with the filing of a voluntary dismissal with prejudice less than two months after the case was filed, only days after a motion to dismiss the Amended Complaint. (DE 23). In support of its request for fees, Defendant points to deficiencies in the allegations and suggests that Plaintiff knew its allegations lacked factual support. (DE 29 at 14-15). But in dismissing the case I made no determination as to the validity of the Amended Complaint. The fee litigation has surpassed, both in tone and expenditure of resources, the effort spent prior to dismissal. An award of fees here would not advance the purposes of Section 505 of the Copyright Act.

DE 42 at 1-2. This analysis fails to provide for meaningful appellate review because it fails to explain, in the context of the relevant factors for consideration, the Court's reason(s) for denying WCR's fee motion. As addressed *supra*, Section I, the analysis suggests the denial was based only on whether a determination of AAP's subjective knowledge that the case lacked merit was made *when dismissing* the case, and that a review of the objective (un)reasonableness and necessary factors was not made when WCR filed its motion for fees. Further, the resulting denial appears contrary to the purposes of § 505, treating prevailing defendants worse than similarly situated

14

prevailing plaintiffs, and discouraging defendants from standing on their rights while encouraging the filing of frivolous suits for nuisance settlements. *See supra*, Sections I.D-E.

The failure to allow for meaningful appellate review is error. Because the solution for this type of error on appeal is vacatur and remand for a more fulsome explanation of the order, judicial efficiency and economy is served by this Court granting the instant motion, vacating the prior decision (DE 42), and addressing WCR's motion for prevailing party attorney's fees anew, including by addressing the relevant analysis from the Supreme Court in *Kirtsaeng* and *Fogerty*, as addressed *supra*, Section I.

## CONCLUSION

For the reasons addressed above, WCR respectfully requests that the Court grant the instant motion, vacate its prior decision (DE 42), and reconsider Defendant's motion for prevailing party attorneys' fees (DE 29).

## LOCAL RULE 7.3 CERTIFICATION

Pursuant to Local Rule 7.3 counsel for the Defendant has communicated with counsel for the Plaintiff in a good faith effort to resolve the issues presented in this motion but has been unable to resolve them.

Respectfully submitted,

McHALE & SLAVIN, P.A.

**Andrew D. Lockton**
Edward F. McHale, Fla. Bar No. 190300
Andrew D. Lockton, Fla. Bar No. 115519
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:   (561) 625-6575
Facsimile:   (561) 625-6572
Email: litigation@mchaleslavin.com

*Attorneys for Defendant WC Realty Group, Inc.*
*d/b/a Century 21 WC Realty*